HEINER, Collector of Internal Revenue, v. BEATTY.

(Circuit Court of Appeals, Third Circuit. February 23, 1927.)

No. 3476.

1. Internal revenue ⬤⇒7(8)—Will providing for "annuities" from funds set apart by trustee held taxable as "income" and not exempt as "gift" (Revenue Act 1918, §§ 210–213 [Comp. St. §§ 6336⅛–6336⅛ff]).

Will giving "'annuities" to legatees, and directing trustee to set apart separate funds sufficient to produce income to pay annuities or purchase annuities from insurance companies, under which trustee adopted former course, held to create trusts, and income thereof was taxable as "income derived from any source whatever," within Revenue Act 1918, §§ 210–213 (Comp. St. §§ 6336⅛–6336⅛ff), and not exempt as "gift."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Gift; Income.]

2. Statutes ⬤⇒245—Words of tax act must be strictly followed in construing same.

In construing tax act, its words must be followed, and law gives no latitude in gathering from the statute meaning which its words do not import.

In Error to the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

Action by Cora B. Beatty, executrix of the last will and testament of John W. Beatty, deceased, against D. B. Heiner, Collector of Internal Revenue for the Twenty-Third District of the United States. Judgment for plaintiff (10 F.[2d] 390), and defendant brings error. Reversed.

John D. Meyer and W. J. Aiken, both of Pittsburgh, Pa. (A. W. Gregg and T. H. Lewis, Jr., both of Washington, D. C., of counsel), for plaintiff in error.

Thorp, Bostwick, Stewart & Reed and Smith, Shaw & McClay, all of Pittsburgh, Pa. (W. D. Stewart, Earl F. Reed, and W. A. Seifert, all of Pittsburgh, Pa., of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The learned trial court so construed the will of Andrew Carnegie and so interpreted the applicable revenue act as to allow the executrix of John W. Beatty, one of the beneficiaries, to recover income taxes he had paid on moneys he had annually received from the executor and trustee under the will. The collector appealed.

Referring to the opinion of the trial court, reported in 10 F.(2d) 390, for an extended statement of facts and discussion of the law, we shall do little more than give the opposing positions of the parties and recite what we regard to be the pertinent provisions of the will and the statute.

[1] The plaintiff contended and the trial court held that the sums annually paid the "annuitant" (so named in the will) were gifts or bequests and were therefore exempt from income tax under the Revenue Act of 1918, 40 Stat. 1057, c. 18, §§ 210–213 (Comp. Stat. §§ 6336⅛–6336⅛ff), which, though demanding a tax on net income reckoned from gross income "derived from any source whatever," did not include the value of property acquired by gift or bequest but did include the income therefrom. The position of the Government was that the money which annually came to the annuitant was not an annual gift or a gift annually distributed but was income within the sense of the act and therefore taxable.

The first part of the Carnegie will with which we are concerned is the Fifth·Article. It reads as follows:

"Fifth: I give to each of the persons hereinafter in this Fifth Article named an annuity of the annual amount in this Fifth Article set after his or her name, to be paid semi-annually during the annuitant's life, that is to say, to * * * Mr. Beatty Art-Dept wife succeeding Five Thousand Dollars."

If the will had stopped there, it is possible the testator's provision for John W. Beatty would have been a bequest, payable in semi-annual installments directly from the estate, and all payments made to him year by year would have been exempt from taxation under paragraph 3 of subdivision (b) of section 213 of the cited act (Comp. St. § 6336⅛ff). However, the will did not stop there, but, going on, it provided in the very next article, by words whose significance we have emphasized by italics, as follows:

"Sixth: I direct my executor and *trustee* either to *set apart, hold in trust, invest and keep invested, in separate funds, one for each annuitant*, sufficient sums *to produce* by the clear net interest and *income* thereof respectively, the several annuities provided in the Fifth Article of this will, * * * and to pay the said several annuities *from the* interest and *income* of the *respective funds* in semi-annual payments, *or* to purchase such annuities in life insurance companies. * * * *"

By the Eighth Article the testator authorized his executor and trustee (who is one cor-

porate person), "in its discretion, to retain for investment of the principal of any of the *trusts,* herein provided for, any of the securities left by me." And, finally, by the same article·he authorized the executor and trustee to sell any of the securities coming into ·its hands and reinvest the proceeds.

Recapitulating, these provisions created, somewhat inartificially, yet, we think, with no lack of certainty, out and out trusts. They provided a capital sum for each annuitant, directed that it be "set apart" and "held in trust" for him and that from the interest and income therefrom accruing payment of a definite sum be made to him semi-annually. Having all the earmarks of formal trusts, the executor and trustee, believing itself charged therewith, exercised the election given it to create capital trust funds by withdrawing from the body of the estate sufficient securities to produce the amounts to be paid annually to the more than forty annuitants. For John W. Beatty it took, "set apart" and "held in trust" one $100,000 United States Steel Corporation Registered 50 year 5 per cent. Gold Bond and two $5,000 bonds of the same issue, and of the interest received therefrom it paid him $5,000 a year. This is what was done. But the testator directed, in the alternative and at the trustee's election, another way by which the trustee could provide for the payment of the annuities, namely; by taking a part of the principal of the estate and with it buy annuities. Thus in both ways the testator willed that parts of the corpus of his estate be appropriated as capital sums from which income in amounts sufficient to pay the annuities could be obtained. In neither way —indeed, nowhere in the will—did he provide for payment of annuities from the principal of his estate. In other words, the testator, through alternative ways, specifically indicated and fully provided the sources of income to be paid the annuitants. What the will intended the annuitant here to receive and what actually he did receive was income derived from a source which we think is sufficiently definite to fall within the statute's denomination of "income derived from any source whatever."

[2] We are not unmindful that in construing a tax act its words must be followed, and that the law gives no latitude in gathering from the statute a meaning which its words do not import. We are aware that there must be some ambiguity lurking in this and in like statutes because we find our views at variance with those of the learned judges who sat in the trial court. Moreover, the Supreme Court in construing a will, not unlike the one here in issue, in respect to liability for taxes, found its members not all of one mind; yet, we are constrained by the reasoning, illustrations and inevitable inferences found in the opinion of that court, as well as by its judgment, in Irwin v. Gavit, 268 U. S. 161, 165–169, 45 S. Ct. 475, 69 L. Ed. 897, to hold that the moneys which came in to John W. Beatty, being income produced from a capital sum created specifically to produce it, was income within the meaning of the Revenue Act of 1918 and that his payment of the tax thereon assessed, being proper, cannot be recovered in this suit.

In this disposition of the case, there is no occasion to decide the other question affecting the plaintiff's right to recover a tax voluntarily included in his return and paid without protest and not under duress.

The decree below is reversed.