## UNITED STATES v. BOLSTER.

Circuit Court of Appeals, First Circuit.
June 13, 1928.

No. 2208.

Internal revenue ☞7(14)—Income from testator's trust estate, given to and accepted by widow in lieu of dower, held not taxable as income (G. L. Mass. c. 191, § 15; Acts 1918 and 1921, § 213 (b) (3), Comp. St. § 6336⅛ff (a), (3).

Where will created trust estate, and gave testator's wife net income of trust "in lieu of dower and every and all claims she may or can have, by any possibility, upon my estate," widow, electing to take under will, took income from trust property as purchaser for valuable consideration, under G. L. Mass. c. 191, § 15, and income so received therefore constituted return of capital, and was not taxable as income under Acts 1918 and 1921, § 213 (b) (3), Comp. St. § 6336⅛ff (a), (3); trustee not being taxable under Revenue Act 1918, § 219 (b), Comp. St. § 6336⅛ii(b), since trust was for charitable purpose.

In Error to the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Action by Wilfred Bolster, executor of the estate of Sarah A. Davenport, against the United States. Judgment for petitioner, and the United States brings error. Affirmed.

Thomas H. Lewis, Jr., Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Frederick H. Tarr, U. S. Atty., and J. M. Leinenkugel, Sp. Asst. U. S. Atty., both of Boston, Mass., C. M. Charest, Gen. Counsel Bureau of Internal Revenue, of Washington, D. C., on the brief), for the United States.

O. W. Taylor, of Boston, Mass., for defendant in error.

Before BINGHAM and JOHNSON, Circuit Judges, and HALE, District Judge.

HALE, District Judge. Sarah A. Davenport, of Boston, was the beneficiary under the will of her husband, Orlando H. Davenport, who died on the 11th day of January, 1915. The will provided that the residue of the decedent's estate should be held in trust, and, after payment of expenses of administering the trust, the income was to be paid over to Sarah A. Davenport, for and during her life, and that the provision made for her should be "in lieu of dower and all claims she might or could have by any possibility upon the estate."

The wife accepted the provisions made for her in the will, and received the net income of the trust during the years 1919 to 1923, inclusive, namely, $113,811.82. This sum Sarah A. Davenport included in her income tax returns for the above years as a part of her gross income.

On May 28, 1923, Sarah A. Davenport died; Wilfred Bolster was duly qualified and appointed her executor. Contending that the amounts paid to Sarah A. Davenport under the trust provisions were erroneously included by her in her gross income, the executor filed a claim for refund. The Commissioner of Internal Revenue rejected this claim. The executor then brought a petition in the nature of a suit to recover the federal

income taxes for the years 1919 to 1923 upon the amounts which she accepted and received from the estate of her husband Orlando H. Davenport "in lieu of dower and every and all claims she may or can have, by any possibility, upon my estate."

The defendant demurred. On November 7, 1927, the District Court of Massachusetts entered its decree, overruling the demurrer and giving judgment to the petitioner for the sum of $20,266.09. The case comes before us on writ of error upon the petition for same by the United States. The substantial question involved is presented on the second assignment of errors. It is this:

Where a widow accepts the provisions of her husband's will and is paid, annually, the entire income from his estate, in lieu of her statutory share of the corpus of the estate, are such annual payments taxable income to her, before or until the aggregate amount of such annual payments equals and exceeds the value of the property she relinquished by accepting the provisions of the will?

The plaintiff, the executor, contends that, by the provision of the husband's will, Sarah A. Davenport acquired the legal status of a purchaser for value; that the basis for determining whether she realized any taxable gain or income is the value of a statutory share of the corpus of the estate as of the date she was entitled to receive it; that the annual payments received by Sarah A. Davenport during the years in dispute did not exceed the value of her statutory share in the corpus of the estate; and that those payments by the trustee represented returns of capital, not income.

The government urges that this contention of the petitioner overlooks section 213–b–3 of the Acts of 1918 and 1921 (Comp. St. § 6336⅛ff [a], [3]), which provides that, although the value of the property acquired by gift, bequest, devise, or inheritance shall not be included in the gross income, the income from such property shall be included in the gross income. It contends that Mrs. Davenport, the taxpayer, acquired her right to the income by bequest; that the cost to her of her dower right was nothing, she having acquired it by marrying; and that, while this was a valid consideration, it does not represent a financial cost or outlay. Prewit v. Wilson, 103 U. S. 22, 26 L. Ed. 360; Doyle v. Mitchell Brothers Co., 247 U. S. 179, 38 S. Ct. 467, 62 L. Ed. 1054.

The federal income tax laws recognize the legal status of the taxpayer as created by local law, and fix the taxes in accordance with such law. By the General Laws of Massachusetts (chapter 191, § 15), as well as under the earlier statutes, a surviving husband or wife may refuse to accept the provisions of a will and take his or her statutory share in the corpus of the estate as if the deceased had died intestate. When the surviving husband or wife accepts the provisions of the will, whether or not such provisions are expressly declared to be "in lieu of such statutory rights," the survivor is in the position of one who sells property to the estate, and acquires the legal status of "a purchaser for a valuable consideration."

In Pollard v. Pollard, 1 Allen, 490, 491, speaking for the Supreme Judicial Court of Massachusetts, Chief Justice Bigelow said:

"The bequest in this case to the widow of the testator is made in express terms in lieu of dower, and on condition that she relinquishes all her right and title thereto.

"A wife cannot be deprived of her dower except by her own consent. Therefore, when she accepts a provision in her husband's will as a substitute for this existing legal right, the law regards her as standing in the light of a purchaser for a valuable consideration, and entitled to receive the whole of the sum given by the will, for which she has relinquished her life estate in one-third of the testator's real estate, in preference to other legatees, who, being only objects of the bounty of the testator, and not having any legal claim on his estate, are regarded as volunteers, and are not allowed to take until the widow has received the full amount of the bequest to her."

See Towle v. Swasey, 106 Mass. 100, 105; Farnum v. Bascom, 122 Mass. 282, 283, 288, 289.

In Borden v. Jenks, 140 Mass. 562, 564, 5 N. E. 623, 625 (54 Am. Rep. 507), speaking for the court, Judge Devens said:

"The widow is a purchaser for value in accepting the provisions of the will, and is not treated as a gratuitous object of the testator's bounty. By relinquishment of her dower, the estate acquires a valuable right of property. Whether the provisions be more or less, so far as the testator, the widow, and all pure beneficiaries under the will are concerned, it is the right of the testator to affix what consideration he pleases for the relinquishment of dower, and for the widow to accept or reject it."

Under the principles announced by the Supreme Judicial Court of Massachusetts, we think that, in the case before us, the payments made to Sarah A. Davenport during the years in dispute represented "purchase money" or "installment payments" by the

estate, in consideration for her share in the corpus of the estate. We think, then, that she was a "purchaser for value."

Article 347 of the Regulations 45 relating to the federal income tax provides:

"In ascertaining whether an estate or trust comes within any one of the cases just enumerated, the provisions of the federal statutes and regulations—rather than the provisions of the will or trust and the provisions of state laws—shall determine what items constitute taxable income or allowable deductions; the provisions of the will or trust and of state laws shall determine the allocation of items of gross income or deduction; that is, to which of the different interests making up the whole of such items shall be charged or allowed."

In the case at bar the local law gave Sarah A. Davenport the status of a "purchaser for value." The federal income tax law recognizes that status. We think it clear that she was not liable for the payment of any of the taxes in dispute; that it is not a question whether the income of the Orlando H. Davenport estate was liable for this tax, or whether it entirely escaped the tax, for we are considering only the taxability or nontaxability of Sarah A. Davenport. Cases have arisen under the income tax law in which the question was whether the individuals to whom the trustee paid over the income of the trust, or the trustee himself, was liable for the tax. But this is not such a case.

The trustee would not be taxable in this case, as it happens, because the entire residue of the Orlando H. Davenport estate, including the share in the corpus of the estate purchased from Sarah A. Davenport, was under this will "permanently set aside for the benefit of charitable institutions." Revenue Act of 1918, § 219 (b), Comp. St. § 6336⅛ii (b).

In Lederer v. Stockton, 260 U. S. 3, 43 S. Ct. 5, 67 L. Ed. 99, in speaking for the Supreme Court, Chief Justice Taft said:

"This residuary fund was vested in the hospital. The death of the annuitant would completely end the trust. For this reason, the trustee was able safely to make the arrangement by which the hospital has really received the benefit of the income subject to the annuity. As the hospital is admitted to be a corporation, whose income when received is exempted from taxation under section 11 (a), Comp. St. § 6336k (a), we see no reason why the exemption should not be given effect under the circumstances. To allow the technical formality of the trust, which does not prevent the hospital from really en-

joying the income, would be to defeat the beneficent purpose of Congress."

In the case before us, Sarah A. Davenport had no interest in the corpus of the estate until the death of her husband, the testator, on January 11, 1915. At that date she was entitled to receive her statutory share in the corpus of the estate, and "acquired" her property rights in it. During the years in dispute the annual payments received by Sarah A. Davenport did not exceed the value of her statutory share in the corpus of the estate at the fair market value of the property at the time of its acquisition.

The District Court decided this case on the authority of Warner v. Walsh, 15 F. (2d) 367, 368. In that case, speaking for the Circuit Court of Appeals for the Second Circuit, Judge Mack said:

"Under the will of plaintiff's deceased husband, a large and ample trust fund was created, out of the income, and, if necessary, out of the principal, of which plaintiff was to receive $50,000 a year for life. This provision was expressly made in lieu of her statutory rights in the estate under the laws of Connecticut, and was so accepted by her. She personally was compelled to pay federal income tax on the $50,000 for each of the years 1917 and 1918. Her claims for refund were rejected. A demurrer to her complaint, seeking recovery of the taxes so paid, was sustained, and the complaint dismissed on the authority of Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 475, 69 L. Ed. 897.

"The conditions in the two cases are not, however, as the District Judge stated, identical; on the contrary, in the Gavit Case there was absent the vital element, present here, of a very valuable consideration for the so-called bequest, the widow's relinquishment of her statutory rights. There the sole question was whether income, payable to a son-in-law quarter-annually for life, but not exceeding a number of years, out of a trust fund created by the will, was property acquired by bequest or income within the meaning of the Revenue Acts; here the question is whether an annuity, payable first out of income, but, if necessary, out of principal, of a similar trust fund, but acquired solely in lieu of, and in consideration for, the relinquishment of valuable statutory rights in the estate, is income, bequest, or annuity. * * * That a purchased annuity, even if income, is exempt as and to the extent that it is a return of premiums paid therefor; that is, until the purchase price shall have been returned, is determined by the express

provisions of the acts above cited, as construed by the Bureau of Internal Revenue."

In the instant case the government contends, as it did in the Warner Case, that the principle announced by the Supreme Court in Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 475, 69 L. Ed. 897, applies, and that the payments made to Mrs. Davenport are the income produced by the property acquired by the bequest, citing also Heiner v. Beatty (C. C. A.) 17 F.(2d) 743, affirmed by U. S. Supreme Court, 48 S. Ct. 320, 72 L. Ed. ——.

We think the instant case is clearly distinguished from Irwin v. Gavit. In that case Gavit was a son-in-law of the testator and had no statutory rights in the testator's estate. He had no vested interest in the corpus of the estate. The income in dispute arose under the Revenue Act of October 3, 1913 (38 Stat. 114), and there was a question whether the sums received by Gavit were income taxable to him. The Supreme Court clearly limited its decision to the Revenue Act of 1913 and the facts of that case. The essential question was whether or not any tax attached to the income of the corpus of the trust that was not taxable in the hands of Gavit and the other beneficiaries.

Speaking for the court, Mr. Justice Holmes said:

"The statute in section 2, A, subdivision 1 [38 Stat. 166], provides that there shall be levied a tax 'upon the entire net income arising or accruing from all sources in the preceding calendar year to every citizen of the United States.' If these payments may properly be called income by the common understanding of that word and the statute has failed to hit them it has missed so much of the general purpose that it expresses at the start. Congress intended to use its power to the full extent. Eisner v. Macomber, 252 U. S. 189, 203 [40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570]."

By the later acts Congress provided that the tax should apply to "income of estates and trusts" and "should be paid by the trustee" in certain cases where the trustee could not be reached by the earlier act. In the instant case we do not have to consider the possibility of the government losing its rightful tax upon income which Congress intended should be taxed. It is not a question of a statute "failing to hit" something which ought to be taxed. Under the statute with which we are dealing a trust is the subject of taxation just as an individual. We think the government must look to the trustee for its tax, and that the trust would clearly be taxable upon this income, if it were not expressly exempted because of its charitable character.

In Heiner v. Beatty, supra, it was contended that income received by the taxpayer under the will of the decedent was exempt from taxation because that income constituted a "bequest." In the instant case the ground of the exemption is, not that the income received is a bequest, but that such income is exempt, because it represents "purchase money" or a return of capital. In that case the record disclosed facts similar to those in Irwin v. Gavit, supra.

In the Warner Case Judge Mack discusses fully both cases to which we referred, and points out the clear distinction between those two cases and the case before him.

While in the Warner Case the court had before it an annuity, the provision relating to the annuity was made expressly in lieu of statutory rights of the beneficiary in the estate; we think the principles announced in that case are controlling in the case before us, and that the District Court was right in overruling the demurrer and ordering judgment to be entered for the plaintiff.

The judgment of the District Court is affirmed.