.ALLEN, Collector of Internal Revenue for the District of Nebraska, v. BRANDEIS.

### UNITED STATES v. SAME.

Circuit Court of Appeals, Eighth Circuit.
November 17, 1928.

Nos. 8031, 8032.

T. H. Lewis, Jr., Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (C. M. Charest, General Counsel, Bureau of Internal Revenue, of Washington, D. C., and James C. Kinsler, U. S. Atty., of Omaha, Neb., on the brief), for plaintiffs in error.

John L. Kennedy, of Omaha, Neb. (Jay C. Halls, Albert L. Hopkins, and O. John Rogge, all of Chicago, Ill., on the brief), for defendant in error.

Before BOOTH, Circuit Judge, and POLLOCK and DEWEY, District Judges.

POLLOCK, District Judge. Defendant in error, plaintiff below, was the wife of Arthur D. Brandeis of Omaha, Neb. Arthur D. Brandeis, a man of large wealth, died testate June 10, 1916. By the laws of the state Mrs. Brandeis was entitled to receive as her dower right out of the estate a very large sum of money or property measured in money at the sum of $483,727.79. Of no part of this amount could the will of her husband deprive her without her consent. At his decease it became her interest in his estate, due and payable to her out of his estate. By the terms of his will provision was made for her, as follows:

"Eighth. I give and bequeath to my beloved wife, Zerlina Brandeis, Ten Thousand Dollars ($10,000.00) to be expended by her for charitable and benevolent purposes.

"Ninth. I give and bequeath to my beloved wife, Zerlina Brandeis, all my automobiles and household furniture and effects, for her sole use and benefit absolutely forever.

"Tenth. I give and bequeath to my beloved wife, Zerlina Brandeis, Fifty Thousand Dollars ($50,000.00) per annum, to be paid to her each year in equal quarterly instalments, for her sole use and benefit during her natural life; said bequest and payments to be in lieu of dower or other distributive share of my estate to which by law she would otherwise be entitled.

"Thirteenth. Pending the administration of my estate, the foregoing bequests shall be paid by my executors, and thereafter they shall be paid by my trustees; Provided, however, only the net income and profits from my property shall be available to pay the bequests mentioned in the Seventh, Tenth, Eleventh and Twelfth paragraphs hereof. Should such income and profits be insufficient at any time to pay the bequests mentioned in said paragraph in full, each of said bequests shall bear a proportionate part of such deficiency. A deficiency arising during any year may be made up out of the income and profits for any succeeding year or years."

The widow elected, as she must do to deprive her of her right in the estate, to take under the will the $50,000 per annum, and relinquish to the estate her interest therein. On these annual payments of $50,000 there was charged and collected by the government income taxes for different years aggregating $24,874.40. Deeming the collection of these amounts from the source stated not taxable under the law, a claim for refund was made and denied, and this action instituted by her to recover the same.

To the petition of plaintiff the collector of internal revenue interposed a demurrer, which was overruled and denied, and thereafter, the collector electing to stand on his demurrer and not plead further, judgment was entered for plaintiff for the amounts theretofore paid as income on the payments made, and the collector brings error.

From the foregoing statement it is apparent the question of merit presented for decision is this: In case a widow, under the laws of the state of Nebraska, elects to accept annual payments or installments of money as provided in the will of her husband in lieu of that interest in his estate fixed by the laws of the state, are such annual pay-

ments taxable income to her until the aggregate of such payments shall equal or exceed her interest in the estate as by the statutory law of the state provided?

In this case the value of her interest in the estate was well pleaded, and admitted by the demurrer to be $483,737.79. To this sum, out of her husband's estate, the widow was absolutely entitled under the law of that state. As it was her individual property on her husband's decease, and as by his last will and testament he proposed to her the payment of $50,000.00 per annum out of the estate in lieu of her absolute statutory interest, which she was entirely free to accept or reject, and as she decided to and did elect to take the offer made her by the will of her deceased husband, it is quite too clear for argument she was a purchaser for value of the annuities or yearly payments of $50,000 each, and to this end come many adjudicated cases. Lord v. Lord, 23 Conn. 327; Security Co. v. Bryant, 52 Conn. 311, 52 Am. Rep. 599; Green v. Saulsbury, 6 Del. Ch. 371, 33 A. 623; Moore v. Alden, 80 Me. 301, 14 A. 199, 6 Am. St. Rep. 203; Pollard v. Pollard, 1 Allen (83 Mass.) 490; In re Gotzian, 34 Minn. 159, 24 N. W. 920, 57 Am. Rep. 43; Bank of Commerce v. Chambers, 96 Mo. 459, 10 S. W. 38; ReQua v. Graham, 187 Ill. 67, 58 N. E. 357, 52 L. R. A. 641; Schaffenacker v. Beil, 320 Ill. 31, 150 N. E. 333; In re Estate of Strahan, 93 Neb. 828, 142 N. W. 678; In re Estate of Sanford, 91 Neb. 752, 137 N. W. 864, 45 L. R. A. (N. S.) 236; Borden v. Jenks, 140 Mass. 562, 5 N. E. 623, 54 Am. Rep. 507, and a wealth of other cases.

The taxes in question were collected on the annual payments, or $50,000, made to plaintiff for the years 1920 to 1924, both inclusive. Therefore the income tax laws involved are those of 1918, 1921, and 1924 (40 Stat. 1057, §§ 200–261; 42 Stat. 227, §§ 200–263; 43 Stat. 253, §§ 200–283).

It is freely conceded, if the widow had taken the amount of her interest in the estate, and with that sum had purchased an annuity of $50,000.00 per annum for a period of years, such annuities, when paid to her, would not have been taxable to her under the law, for the laws above referred to so provide. In legal effect, is that not precisely what was done in this case? She took her property by her acquired under the laws of the state, turned the same over to her husband's estate under an agreement she should receive as the purchase price of her interest $50,000.00 per annum from the estate; that is to say, her invested capital was the value of her interest in her husband's estate, to wit, $483,727.79. By the expenditure of this sum, the same being her own money, she purchased an annuity of $50,000 per annum from those representing her husband's estate to be paid out of that estate. Clearly, in such case, under the law, she should not be required to pay any income tax on the annual payments received until her capital invested in the annuities shall have been returned to her. After that time, it is conceded, she should pay tax. To this conclusion come the adjudicated cases in which the facts are identical or similar to the facts of this case. See Warner v. Walsh, 15 F. (2d) 367, from the Circuit Court of Appeals for the Second Circuit; Bolster, Executor, v. United States, District Court Mass. Nov. 21, 1927, affirmed by Circuit Court of Appeals for the First Circuit under title United States v. Bolster, Executor, 26 F.(2d) 760, decided June 13, 1928. It is insisted by the government this case is similar in its facts to that of Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 475, 69 L. Ed. 897. But, as will be seen by a reading and consideration of the case above cited, the facts of that case and the instant case are clearly and readily distinguishable from this and all like cases.

We are of the opinion the judgments in these cases are right and must be affirmed.