**PARDEE et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 4903.

Circuit Court of Appeals, Third Circuit.

March 4, 1933.

THOMPSON, Circuit Judge, dissenting.

Ralph B. Evans, of Philadelphia, Pa., for petitioners.

G. A. Youngquist, Asst. Atty. Gen., and Carlton Fox and J. Louis Monarch, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Maxwell M. Mahany, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

Calvin Pardee, a resident of Pennsylvania, died in 1923. By his will he bequeathed and devised certain property to his wife absolutely. He then gave her "an annuity of $50,000," but by a later paragraph in the will conveyed the residue of his estate to trustees in trust to collect income and pay his wife the annuity which thereinbefore he had given her. Other provisions of the will indicate the annuity was for life, with remainders over as to the corpus.

The testator's wife elected to take under the will in lieu of the interest in her husband's estate which the law of Pennsylvania gave her.

During 1924 and 1925, the tax years in question, the trustees made payments of income to the widow in amounts which, together with payments made in other years, were less than the value of her statutory interest in her husband's estate, had she elected to take against the will.

In computing taxable net income in their returns for the stated tax years, the trustees deducted the income they had distributed to the widow in paying the annuity. They did this under the literal terms of section 219 of the Revenue Acts of 1924 and 1926 (43 Stat. 253; 44 Stat. 9 [26 USCA § 960 note]). The Commissioner of Internal Revenue, being influenced by the decisions in Warner v. Walsh (C. C. A.) 15 F.(2d) 367, United States v. Bolster (C. C. A.) 26 F.(2d) 760, 59 A. L. R. 491, and Allen v. Brandeis (C. C. A.) 29 F.(2d) 363, disallowed the deductions and

assessed deficiency taxes against the trustees. On appeal the United States Board of Tax Appeals sustained the Commissioner on authority of its decision in Julia Butterworth et al., Trustees, 23 B. T. A. 838, 839. The case is in this court on the trustees' petition to review the action of the Board.

The question decided by the Board and submitted here for review—the right of a trustee under the statutes, when computing taxable income, to deduct income distributed, after election, to a widow as beneficiary —is the same question decided in different ways by the Board and by this court in Butterworth v. Commissioner, 63 F.(2d) 944, arising, however, from a different state of facts. In the Butterworth Case as in the three cited cases in the Circuit Courts of Appeals, the widow received income from the trust. In none of these cases was she entitled to principal. In none was her interest an annuity in a purely technical sense. The latter three cases held, however, that her interest in the trust was, on her election, "in fact and in legal effect the *purchase* of an annuity," limited, however, to income; whereas in the instant case the bequest is of a fixed annuity which, though payable primarily out of income, is seemingly payable at all events, whether from income or principal.

On this difference between the cases referred to and the present case, the Board cited and the government relies on Whitehouse v. Commissioner, 7 B. T. A. 600, affirmed in (C. C. A.) 38 F.(2d) 162, and in turn affirmed in 283 U. S. 148, 51 S. Ct. 374, 75 L. Ed. 916, 73 A. L. R. 1534, as making this case even stronger than Butterworth v. Commissioner. In Whitehouse v. Commissioner the court held that where an annuity is bequeathed as a definite sum payable at all events, payments "received" by the donee (not there a widow) are not part of the donee's gross income but are exempted therefrom as property acquired by gift or bequest. Thus it appears that in Whitehouse v. Commissioner and in the cases in the Circuit Courts of Appeals on which the Board founded its decision in the Butterworth Case, the courts were concerned, and concerned only, with the tax liability of the recipients of trust funds. None of these cases dealt with the tax liability of trust estates with respect to income paid to a widow or annuitant. They decide simply that the widow in the one case, and the annuitant in the other, is, for different reasons, exempted from taxes, and unless it follows that, because of such exemption, the income is taxable to the trust estate,

they afford no authority for the Board's conclusion. The question with which we are concerned is not the tax liability of a widow or annuitant, but the liability of the trust estate to pay taxes from which she is exempt. The fact that the annuity was given to a widow lends nothing to the case. It makes no difference whether it is to a widow or to a daughter, as the sole question is whether an annuitant, be she widow or some one else, is a beneficiary within the terms of the statutes under review and in the sense in which the word is ordinarily used and understood. If she is a beneficiary, the trustees were allowed by the statutes to deduct distributions of income made to her. This brings us back to the reasons for our decision in Butterworth v. Commissioner which, we hold, rules the instant case and calls for a reversal of the judgment of the Board of Tax Appeals.

THOMPSON, Circuit Judge, dissenting.