## HELVERING, Commissioner of Internal Revenue, v. SCHAUPP.

### No. 9801.

Circuit Court of Appeals, Eighth Circuit.

June 11, 1934.

John G. Remey, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Louise Foster, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

John M. Schaupp, of Ft. Dodge, Iowa, for respondent.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

GARDNER, Circuit Judge.

The government has brought this case before us on petition to review a decision of the United States Board of Tax Appeals holding that respondent was not liable upon the income earned by property which she took under the will of her deceased husband. The facts are undisputed.

On September 24, 1926, John M. Schaupp died testate, a resident of Fort Dodge, Webster county, Iowa. He left as his sole heirs at law and devisees his widow, the respondent herein, and his son, John M. Schaupp, Jr. The will contained the following provision:

"I give to my beloved wife, Emma H. Schaupp, a life estate in all my property, real and personal. At her death, I bequeath the same property, real and personal, to my son, John M. Schaupp, Jr., to be his unconditionally."

The widow elected to take the life estate bequeathed to her by this will, in lieu of her statutory dower. The Board of Tax Appeals held that this election to take under the will was in the nature of a purchase of a life estate, and that respondent was not liable for the income therefrom for the year 1928, because she had not up to that time received the amount of her invested capital, to wit, the value of the relinquished statutory dower rights. In so holding, the Board relied upon the doctrine announced in Allen v. Brandeis (C. C. A. 8) 29 F.(2d) 363; Warner v. Walsh (C. C. A. 2) 15 F.(2d) 367; United States v. Bolster (C. C. A. 1) 26 F.(2d) 760, 59 A. L. R. 491, and cases therein cited. The government contends that these cases have all been overruled by the Supreme Court in the recent case of Helvering, Commissioner, v.

Butterworth, 290 U. S. 365, 54 S. Ct. 221, 222, 78 L. Ed. 365. In this last-mentioned case, the court, in commenting upon the decisions above cited, said:

"These cases held that by relinquishment of her rights, she came to occupy the position of the purchaser of an annuity. They decided that payments to her were not subject to taxation until her total receipts from the trust estate amounted to the value of what she relinquished—her alleged capital. Thereafter, in similar cases, the Commissioner refused to give credit to the trustee for such payments and thus the present causes arose.

"We cannot accept the reasoning advanced to support the three cases just cited. * * *

"Is a widow who accepts the provisions of her husband's will and receives part or all of the income from an established trust in lieu of her statutory rights a beneficiary within the ambit of the statute? We think she is. * * *

"When she makes her election the widow decides to accept the benefits of the will with the accompanying rights and liabilities. In no proper sense does she purchase an annuity. For reasons satisfactory to herself, she expresses a desire to occupy the position of a beneficiary and we think she should be so treated."

We are of the view that this decision in effect overrules the doctrine announced in Allen v. Brandeis, supra, and the other cases relied upon by the Board of Tax Appeals.

Respondent was not a purchaser of a life estate, but she took this life estate as a bequest, and hence the income therefrom was taxable under section 22 of the Revenue Act of 1928 (26 USCA § 2022), which provides in part as follows:

"Sec. 22. Gross Income.

"(a) General Definition.—'Gross Income' includes gains, profits, and income derived from * * * interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever.

"(b) Exclusions from Gross Income.— The following items shall not be included in gross income and shall be exempt from taxation under this title: * * *

"(3) Gifts, Bequests, and Devises.—The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income). * * *"

Having determined that the income from this property was taxable, it remains to consider what gross income was received therefrom by respondent for the year 1928. The property in fact earned $13,112.05, but, pursuant to an agreement with her son, the residuary legatee, who as her agent was in the active management of the property, she limited her withdrawals to the sum of $200 per month. She therefore contends that in any event she should not be taxed on an amount in excess of her actual withdrawals. But the entire amount of $13,112.05 was the actual income from this property. It belonged to her, and she had the right to withdraw, appropriate, and use it. As was said by the Supreme Court in Corliss v. Bowers, 281 U. S. 376, 50 S. Ct. 336, 337, 74 L. Ed. 916:

"The income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not."

It follows that the decision of the Board of Tax Appeals should be reversed, and the cause remanded to that Board for further proceedings consistent herewith, and it is so ordered.