## UNITED STATES v. CARPENTER.
### No. 1315.

Circuit Court of Appeals, Tenth Circuit.

July 11, 1936.

Harry Marselli, Sp. Asst. to the Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., Sewall Key, Norman D. Keller, and Lester L. Gibson, Sp. Assts. to the Atty. Gen., and Thomas J. Morrissey, U. S. Atty. for the District of Colorado, and Ivor O. Wingren, Asst. U. S. Atty. for the District of Colorado, both of Denver, Colo., on the brief), for the United States.

Henry McAllister, of Denver, Colo., for appellee.

Before LEWIS and BRATTON, Circuit Judges, and KENNEDY, District Judge.

LEWIS, Circuit Judge.

This action, instituted October 21, 1933, was to recover erroneously refunded Federal income taxes. The answer admits liability. The only issue here is whether appellee is liable for interest on the amount refunded to her from and after November 23, 1931, the date of refund, or whether the liability for interest should be calculated from the date on which the Collector demanded its return, to-wit, July 15, 1933. The difference in interest amounts to slightly more than $1,100.

The facts set up in the pleadings and also embodied in a stipulation between the parties are: Appellee is the widow of Clarence Carpenter, who died testate on March 17, 1928. Under his established will he bequeathed and devised practically all of his estate in trust with directions that the trustees pay over the entire income to his wife during her life. She returned what she received from them for the year 1929 as taxable, and paid the tax in accordance therewith. After payment of the tax the Commissioner reviewed and audited the return, and voluntarily, without any claim for refund or request from appellee, determined and held by reason of a treasury decision and Warner v. Walsh (C.C.A.) 15 F.(2d) 367, that distributions made by the trustees to appellee out of income of the trust estate did not and would not constitute taxable income to appellee until the aggregate of such distributions had reached an amount equal to one-half of the estate of testator at the time of his death, and inasmuch as the distributions so made in 1929 did not aggregate such amount they did not constitute taxable income to appellee for said year. Accordingly he eliminated the amount of distributions to appellee in said year. The result of this was a determination by the Commissioner of an overassessment of tax in favor of appellee in said year in the sum of $10,393.57, and that amount together with interest making a total of $11,167.72 was voluntarily refunded to appellee on November 23, 1931, as an overpayment of her income tax for 1929. Appellee had elected to take under her husband's will rather than one-half of his estate, which the Colorado statute (C.L.Colo. § 5185) gave her an option to do.

Appellant moved that the court, trying the case without a jury, declare the law to be that it was entitled to interest on the amount refunded from November 23, 1931; and appellee moved that interest on said sum be at the rate of 6% per annum from July 15, 1933, to date of judgment. The court ruled as requested by appellee, and entered judgment accordingly on April 16, 1935. That is the one claimed error assigned.

The District and Circuit Courts of Appeal were not in accord as to whether income from an estate in trust was taxable to the beneficiary under the facts stated. See, Warner v. Walsh (C.C.A.) 15 F.(2d) 367; United States v. Bolster (C.C.A.) 26 F.(2d) 760, 59 A.L.R. 491; Allen, Collector, v. Brandeis (C.C.A.) 29 F.(2d) 363; Title Guarantee L. & T. Co. v. Commissioner (C.C.A.) 63 F.(2d) 621; Pardee v.

Commissioner (C.C.A.) 63 F.(2d) 948. The matter was put at rest in Helvering v. Butterworth, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365, in which it was held that such income was not taxable to the trustees, but to the beneficiary. However, there is no case within our knowledge that passes upon the special issue here presented, whether the taxpayer is liable for interest on the amount refunded to her from the date she received it rather than the date of demand that it be paid back to the United States, where the refund was in error of law.

Counsel for appellant in their insistence that the date of refund should control contend that the amount returned should be considered as a delinquent tax, and that the rule in the Federal courts is that a tax bears interest from the time it is due and payable. Billings v. United States, 232 U.S. 261, 34 S.Ct. 421, 58 L.Ed. 596. If that rule were applied interest would be calculated beginning in the year 1930 in which year the tax was really due and payable. We do not regard the return of the amount refunded as a tax. $774.15 included in the refund was interest on the supposed overassessment. The appellee did not receive the refund or any part of it to hold and restore as taxes in event it became an erroneous refund. She took it as of supposed right as her own to do with as she pleased, and she had a right to expend it as she might desire. Moreover, when this action was commenced the limitation period of two years within which a suit to· collect taxes could be brought had expired. Revenue Act 1928, § 275, 45 Stat. 856 (26 U.S.C.A. § 275 and note). This is an action to recover an erroneous refund, and the limitation period of two years in section 610(b) of said Revenue Act (26 U.S.C.A. § 1646(b) within which suit might be brought had not expired. That is the only substantive part of said section 610. Without it there could be no limitation against the United States on the common counts, and the complaint here specifically alleges that it is for money had and received. That section says nothing about interest on the refund when it is found to be erroneous, nor the rate of interest, nor the date from which it is to be calculated, nor does it fix any time when it shall be returned to the United States. If the refund was due to the United States on the day it was made, November 23, 1931, the principle announced in the Billings Case controls; but it seems fatuitous to contend that the check representing the refund should have been returned to the United States at the instant it was delivered to appellee. No other statute so far as we are advised covered the omissions in section 610 until the recent Act of June 22, 1936, amended said section. Section 803 of said later act (26 U.S.C.A. § 1646(d) provides:

"(a) Section 610 of the Revenue Act of 1928, as amended, is amended by adding at the end thereof a new subsection to read as follows:

"'(d) Erroneous refunds recoverable by suit under this section shall bear interest at the rate of 6 per centum per annum from the date of the payment of the refund.'"

In United States v. Bashaw (C.C.A.) 50 F. 749, 754, it was said:

"The very fact that the prior act is amended demonstrates the intent to change the pre-existing law, and the presumption must be that it was intended to change the statute in all the particulars touching which we find a material change. in the language of the act."

See, also, Irwin v. Gavit (C.C.A.) 295 F. 84, 88; United States v. Field, 255 U.S. 257, 265, 41 S.Ct. 256, 65 L.Ed. 617, 18 A.L.R. 1461; Brewster v. Gage, 280 U.S. 327, 337, 50 S.Ct. 115, 74 L.Ed. 457.

Redfield v. Ystalyfera Iron Company, 110 U.S. 174, 3 S.Ct. 570, 572, 28 L.Ed. 109, was an action to recover customs dues illegally exacted and interest thereon. The court said:

"Interest is given on money demands as damages for delay in payment, being just compensation to the plaintiff for a default on the part of his debtor. Where it is reserved expressly in the contract, or is implied by the nature of the promise, it becomes part of the debt, and is recoverable as of right; but when it is given as damages it is often matter of discretion."

Lincoln v. Claflin, 7 Wall. 132, 19 L.Ed. 106, speaks of interest allowable as discretionary in distinction from that allowable as matter of law. The Redfield Case was followed in United States v. Sanborn, 135 U.S. 271, 10 S.Ct. 812, 34 L.Ed. 112, and the principle applied in Jourolmon v. Ewing (C.C.A.) 80 F. 604. In the Billings Case, supra, the action was to recover a tax due on a specified day by the statute which imposed it. It was payable on that day, and being payable on that day by statute it was held that interest ac-

crued on and from that day. In the case now under consideration no statute prescribed a date on and from which erroneous refunds should bear interest, nor the rate thereof, prior to the Act of June 22, 1936. So far as the record here discloses nothing occurred to apprise appellee that she might be required to return the refund until demand therefor was made upon her on July 15, 1933. She made no demand for the refund and may not have known, so far as the record shows, that it was a disputed question whether she was entitled to retain the refund as her own. She doubtless had no thought that it was imposed on her in trust and that she might be liable for interest from the time she received it. To now charge her with $1,100 on that account impresses us as inequitable, not demanded by any law—statutory or otherwise; and the court's ruling on the one issue was not prejudicial error.

Affirmed.