## UNITED STATES v. GREEN et al.
### No. 18262.

District Court, E. D. Pennsylvania.
June 29, 1939.

Thomas J. Curtin, Asst. U. S. Atty., of Philadelphia, Pa., and J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa.

Milton A. Kamsler and Sundheim, Folz & Sundheim, all of Philadelphia, Pa., for defendants.

WELSH, District Judge.

The defendant taxpayer paid a tax of $1,146.19 upon income which she received in 1930 as the widow beneficiary of her husband's trust estate under an election by which she accepted such income in lieu of dower. Upon a review of the return, the Commissioner of Revenue determined that such income was not taxable, basing his findings upon the provisions of the 1928 Revenue Act as then interpreted by the decisions of Federal Circuit Courts of Appeal. A refund of the over-assessment found by the Commissioner was made to the taxpayer in 1932, amounting with interest to $1,256.35. Thereafter the Supreme Court, in an opinion construing the same provisions of the Act, overruled the law as declared in prior cases and held that income of the character in question was in fact taxable to the beneficiary. The present suit was brought by the plaintiff to recover the amount previously refunded to the taxpayer as an over-assessment, with interest.

The plaintiff contends that the refund was made because of the Commissioner's erroneous conclusion that the income in question was not taxable, which error has since been definitely established by the Supreme Court decision. On the other hand, the defendant argues that the Commissioner's conclusion was not then in error because it was supported by judicial decisions of Appellate Courts interpreting the statute and establishing the law which governed the Commissioner's acts; and that the subsequent contrary declaration of the Supreme Court did not render the prior determination of the question such an error as would justify the plaintiff in recovering the amount of the refund.

Section 610 of the Revenue Act of 1928, 26 U.S.C.A. § 1646, permits the recovery of any refund of tax which has been erroneously made, provided the suit is begun within two years of the time of the refund. The present suit was brought within that period. The error alleged by the plaintiff is the Commissioner's acceptance of the interpretation of the statute by the Circuit Courts in Warner v. Walsh, 2 Cir., 15 F.2d 367; United States v. Bolster, 1 Cir., 26 F.2d 760, 59 A.L.R. 491; Allen v. Brandeis, 8 Cir., 29 F.2d 363, in which cases it was held that income from a trust estate received by a widow beneficiary in lieu of dower is not taxable income until the income paid exceeds the value of the dower. Although such interpretation was then accepted in good faith by the Commissioner as a correct declaration of the law, the Supreme Court in the later case of Helvering v. Butterworth, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365, December 11, 1933, declared in effect that the Commissioner and the Circuit Courts were all in error in the earlier construction of the statute, and held that although income paid from a trust to a testator's widow in lieu of dower may be deducted in reporting taxable in-

come' of the trust, such amount should be included in computing the net income of the beneficiary.

 Stated simply, the question is when does the interpretation and construction of the law become fixed so as to definitely and finally determine the rights of the parties. Does the application of the law as it stands at any particular time preclude the parties from later applying variations of the legal principles to the determination of their rights? We think not. In the course of determining the income tax issue, interpretations of the law may be placed in turn by the Commissioner, the Board of Tax Appeals and the District, Circuit and Supreme Courts, which interpretations may differ in varying degrees, and each will for the time being constitute the only guide upon which the parties may properly rely. Each tribunal reaches its own conclusion according to the dictates of the latest authoritative ruling, in the light of experience, and with the view to accomplishing substantial justice as determined by such experience. We cannot disregard the fact that the law is in a constant state of growth and development nor can we say with finality that the rules established by any judicial opinion, especially those of the lower tribunals, are the rules which must finally govern the rights of the parties. The Commissioner and the taxpayer in the present case, as in all other cases, must necessarily act under the guidance of the decisions in force at the time, but they do so with the realization that such decisions may be modified and the respective rights affected by subsequent judicial acts, until a final decision is made which will definitely set at rest all possible disputes as to the issue. Such final ruling is usually the decision of the Supreme Court of the United States, as in the present case. Neither the taxpayer nor the Commissioner may halt the progress of the law or the accomplishment of justice by claiming at any intermediary point that the rights of the parties became definitely determined, except by the application of some Statutes of Limitation. We think therefore that the earlier conclusion of the Commissioner that the refund was in accordance with the law was in error, in the light of the final declaration of the Supreme Court, and that the defendant may not now be permitted to assert a claim which according to the latest principles is found to be unjust and inoperative.

The facts involved in the present litigation are clearly set forth in a stipulation filed as part of the record, and they are adopted as the fact findings of the Court. Upon those facts and the above discussion of the principles involved, the Court reaches the conclusion that the refund made by the plaintiff to the defendant was erroneous; the plaintiff should be permitted to recover the amount of the refund; the Court therefore directs that judgment be entered against the defendant in favor of the plaintiff in the sum of $1,256.35 with interest on $1,219.63 from November 5, 1932, and on $36.72 from April 26, 1933.