## UNITED STATES v. McKINNEY.

### No. 7990.

Circuit Court of Appeals, Sixth Circuit.

Dec. 6, 1939.

W. F. Wattles, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key and Warren F. Wattles, Sp. Assts. to Atty. Gen., E. B. Freed and Everett L. Foote, both of Cleveland, Ohio, on the brief), for appellant.

Mark A. Loofbourrow, of Cleveland, Ohio (Squire, Sanders & Dempsey, Clan Crawford, and Mark A. Loofbourrow, all of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, SIMONS and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The present problem is a narrow one presenting the question as to the time from which interest is to be computed upon an erroneous refund made to a taxpayer and recoverable by the government. Prior to the effective date of the Revenue Act of 1936, no statute provided for the recovery of interest upon taxes erroneously refunded and recovered, and the allowance of interest thereon was governed by principles generally applicable to claims for money had and received.

By the Act of June 22, 1936, § 610(d) of the Revenue Act of 1928 was amended by section 803(d), 26 U.S.C.A. § 1646(d), which provides:

"Erroneous refunds recoverable by suit under this section shall bear interest at the rate of 6 per centum per annum from the date of the payment of the refund."

The taxpayer was, by the will of her deceased husband, left one-third of the income of a residuary trust and accepted the provisions of the will in lieu of dower and statutory rights. During 1929 and 1930 she received benefits from the trust, and in her returns of income for each of the calendar years included income from the trusts upon which she paid taxes. The Commissioner of Internal Revenue subsequently determined an overassessment for 1929 and 1930 by excluding from gross income the amounts received by her from the trust, exclusion being based on the theory that they constituted the price paid by her husband's estate for the purchase of her dower rights, and so were not taxable income. This was in response to holdings by several of the Circuit Courts of Appeals. Their decisions having been overruled by the Supreme Court in Helvering v. Butterworth, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365, the Commissioner declared the refund made on April 18, 1933, in the sum of $34,811.36, to be erroneous, and on March 29, 1934, demanded of the taxpayer its repayment in full with interest. On May 25, 1934, the United States began its suit, but on February 19, 1937, before trial, the taxpayer paid to the government the full amount of the refund but without adding any part of the interest claimed in the government's petition.

The question of interest was subsequently submitted to the District Court upon an agreed statement of facts, the issue being as to whether the plaintiff in the suit was entitled to interest from the date of the refund or but from the date of the demand. On November 4, 1937, the District Judge entered judgment in the sum of $6,032.38, which represented interest computed at six per cent per annum from March 29, 1934, the date upon which the United States demanded repayment. The government appeals and its sole claim of error is that interest should have been computed from April 18, 1933, the date upon which the taxpayer received from the treasury the check covering the overpayment and interest.

The ground upon which the judgment was based is that § 803(d) of the Revenue Act of 1936, above set forth, must be given a prospective and not a retroactive construction, and so cannot be made to apply to an erroneous refund to a taxpayer made before its effective date. To this conclusion the United States makes answer that the statute is clear and unambiguous, and by its terms, applies to all erroneous refunds whether made before or

after its enactment. Its argument is based upon the phrase "recoverable by suit under this section". It asserts that when the statute was enacted the refund was erroneous and was recoverable by suit under § 610 of the Revenue Act of 1928 (the section referred to in 803(d) as "this section"). There is, it asserts, no ambiguity and interest should therefore have been computed from the date of the refund.

It is a settled rule of statutory construction that a law is presumed, in the absence of clear expression to the contrary, to operate prospectively. United States v. Heth, 3 Cranch 399-413, 2 L.Ed. 479; Shwab v. Doyle, 258 U.S. 529, 42 S.Ct. 391, 66 L.Ed. 747, 26 A.L.R. 1454; United States v. Magnolia Petroleum Company, 276 U.S. 160, 162, 48 S.Ct. 236, 72 L.Ed. 509; Jones v. Fidelity & Columbia Trust Company et al., 6 Cir., 73 F.2d 446; O'-Shaughnessy v. Commissioner, 6 Cir., 60 F.2d 235. Indeed, for a statute to be construed as operating retrospectively, it must not only be clear that it so operates, but its retrospective character must be derived from "the unequivocal and inflexible import of the terms, and the manifest intention of the legislature". (Union Pacific Railroad Company v. Laramie Stockyards Company, 231 U.S. 190, 34 S.Ct. 101, 102, 58 L.Ed. 179) or, as said in United States v. Heth, supra, 3 Cranch 413, 2 L.Ed. 479, the declaration of retroactivity must be "clear, strong, and imperative".

The phrase "recoverable by suit under this section", is but descriptive of the character of the refund to which the interest amendment applies. It in no wise proclaims that the act is to be applied in manner other than legislative enactments generally, that is, prospectively. It does not convey the temporal implication which, even in the phrase, "at any time", in § 302(c) of the Revenue Act of 1926, 26 U.S.C.A. § 411(c), was held insufficient to give the statute retroactive effect so as to apply to transfers made before its adoption—a conclusion reached in Shwab v. Doyle, supra, emphasized and reinforced in Hassett v. Welch, 303 U.S. 303, 308, 58 S.Ct. 559, 82 L.Ed. 858.

The only case to which our attention has been called, in which the retrospective character of § 803(d), was fully considered, is United States v. Carpenter, 10 Cir., 84 F.2d 813, where the statute was held prospective only, and was followed without discussion of this issue in Smyth v. United States, 10 Cir., 92 F.2d 900, 901. While in the latter case, on petition for rehearing, it was said arguendo in overruling the petition, that § 803(d) required interest to be charged from the date of the refund, it is clear that this was but dicta, that the retroactive character of the section was not considered, and there was no intention expressed or implied to overrule United States v. Carpenter, supra. In United States v. Fairbanks, 95 F.2d 794, the Court of Appeals for the Ninth Circuit, allowed interest upon the recovery of an erroneous refund from its date. It does not appear, however, that the prospective or retroactive applicability of the statute was argued or considered. Our conclusion is that the section here involved, insofar as it creates an obligation to pay interest on a recoverable refund, speaks only from its effective date.

The judgment below is affirmed.