## CODMAN v. MILES.*

### SAME v. TAIT, Collector of Internal Revenue.

Circuit Court of Appeals, Fourth Circuit.
October 22, 1928.

Nos. 2729, 2730.

John R. Lazenby, of New York City and L. Vernon Miller of Baltimore Md. (Marbury, Gosnell & Wilhams, of Baltimore, Md., on the brief), for appellant.

A. W W Woodcock, U S. Atty., of Baltimore, Md., and Ottamar Hamele, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (C. M Charest, Gen. Counsel, Bureau of Internal Revenue, and T. H. Lewis, Sp. Atty.; Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellees.

Before WADDILL and NORTHCOTT, Circuit Judges, and WATKINS, District Judge.

NORTHCOTT, Circuit Judge. These suits were instituted by the appellant, who was the plaintiff below, against the appellees, who were defendants below, to recover income taxes paid by the plaintiff under protest on income received in the years 1918, 1919, 1920, 1921, and 1922. Both suits involve the same questions, although the taxes were paid under different Revenue Acts and to different

*Certiorari, denied 49 S. Ct. ——, 73 L. Ed. ——.

collectors of Internal Revenue at Baltimore, Md.; defendant Tait having succeeded defendant Miles as collector during the years named.

In 1902 Maria P. Codman, of Bristol, R. I., died, leaving a will by which she created certain trusts. The plaintiff was the sole heir at law and next of kin, and contested the probating of the will when it was offered in the probate court for the town of Bristol, R. I. In due course a compromise was brought about and all persons interested, whether as executors, trustees, heirs at law, next of kin, legatees, or devisees, entered into an agreement of compromise and settlement, by which the contest was terminated and the interests of the different persons settled.

By the terms of the agreement the residue of the property went to Robert M. Morse and Edmund D Codman, to collect the rents and receipts, and, after paying expenses, to pay one half of the income to the plaintiff during her life, and the other half to one Catherine A. Codman during her life. On the death of either, one-half of the fund was to be transferred as the deceased should by will appoint and in default of appointment to her heirs. The residue consisted of personal property and real estate and was all situate in Boston, Mass.

During the years involved the trustees paid to the said Martha C. Codman one-half of the net income from said trusts. Martha C. Codman in making her income tax returns for these years, respectively, did not include in her gross income the amount paid to her by the trustee for the reason that she had contended that the said payments constituted a gift, devise, bequest, or inheritance, and were, therefore, not to be included in gross income under the Revenue Acts of 1918 and 1921. 40 Stat. 1057; 42 Stat. 227. Upon review and reaudit of these returns the Commissioner of Internal Revenue determined that the sums so paid to her were a part of her gross income and added them to the amount of income shown on the respective returns, thus giving rise to the additional taxes involved in this litigation.

The taxes for the years 1918, 1919, and 1920 were computed under the Revenue Act of 1918. The taxes for the years 1921 and 1922 were computed under the Revenue Act of 1921. The plaintiff then brought these suits. A demurrer was filed to the declaration, which demurrer was sustained, and an amended declaration was filed, to which a demurrer was again filed, which was sustained by the court below, and judgment was direct-

ed for the defendant. From this action this appeal was taken.

▮ It is contended for the plaintiff that, because the income ceased with her death, even though she had the right of appointment as to the principal, she was entitled to have a deduction from the tax because of exhaustion. With this contention we cannot agree. That the amount paid to the plaintiff is income is clearly settled by the Supreme Court of the United States, in the case of Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 475, 69 L. Ed. 897. A careful study of this case would seem to settle the question of exhaustion, depreciation, or obsolescence against the plaintiff's contention. The attorneys for the plaintiff contend that the Irwin Case arose under the act of 1913 (38 Stat. 177), yet the principles there settled are the same as those here involved.

While the language of the act of 1913 in providing for deductions is not in the identical form of the language employed in the acts of 1918 and 1921, there is a provision in all the acts requiring an allowance or deduction for the exhaustion of property by its use in business. In the latter acts, the provisions, which eliminated from taxable income the value of property acquired by gift, bequest, devise, etc., meticulously provided that the income from such property should be included in the gross income for taxation. The line of demarcation between property so conveyed and the income from such property, which should remain subject to taxation whether in the hands of the original owner or after it had passed into the hands of the beneficiary, was carefully drawn. The principal difference, as relating to the case in hand, between the act of 1913 and the later acts, was in the designation of the person who should make the return and pay the taxes. There is nothing in the language of the later statutes that indicates that, because the returns were to be made by the beneficiary under a trust and the taxes paid by such beneficiary, it was intended to deny to the government the right to collect the tax in the same manner and to the same extent as before. It was made clear, however, that the mere gift, devise, or bequest of the property was not to furnish a basis for collecting additional taxes upon incomes.

In section 219 of the Revenue Acts governing this case, subdivision a4, it is provided that the interest to be distributed to beneficiaries periodically, whether or not at regular intervals, and income collected by a guardian of an infant to be held or distributed as the court may direct, is made subject to the tax. It is true that in a sense the income conveyed to the plaintiff for life is properly designated as property, but it clearly retains its character as taxable income, and there is no provision in the law, nor any terms employed in the statute, to indicate an intention upon the part of Congress to relieve such income from the normal tax levied upon incomes merely because its payment ceased after a term of years. If by special provision the plaintiff had been entitled to receive the specific amounts equaling each year's income as bequests or gifts and not income eo nomine, appellant's contention might have been well taken, but in such instance the estate itself would have been subject to the tax. The contention that the value of the estate was each year depleted by exhaustion is intriguing rather than logical. What the plaintiff received and was entitled to receive was not the corpus of the property but the increment annually accruing therefrom. It is nowhere suggested that the corpus of the property, from which the income was derived, was in any way depleted. There is no destruction or diminution by use of the property which furnishes the source of the income, and to allow an abatement for any portion of the taxes accruing each year because of the limited time of the plaintiff's enjoyment of the income would not only defeat the reiterated purpose of Congress as expressed in various provisions of the act, but would invite as well as permit, to an unlimited extent, subterfuges whereby those entitled to large incomes could avoid their just obligations to the government.

▮ The right of the government to collect a tax on the earnings of the estate either in the hands of the trustees or the distributees cannot be questioned, and the effect, as far as the plaintiff is concerned, would be the same, in either event.

"The money was income in the hands of the trustees and we know of nothing in the law that prevented its being paid and received as income by the donee." Irwin v. Gavit, supra.

In Stratton's Independence v. Howbert, 231 U. S. 399, 34 S. Ct. 136, 58 L. Ed. 285, the question of a daily lessening of enjoyment or user is discussed and the court says:

"But the same is true of the earnings of the human brain and hand when unaided by capital, yet such earnings are commonly dealt with in legislation as income. So it may be said of many manufacturing corporations that are clearly subject to the act of 1909 [36 Stat. 11], especially of those that have to do with the production of patented articles; although

it may be foretold from the beginning that the manufacture will be profitable only for a limited time, at the end of which the capital value of the plant must be subject to material depletion, the annual gains of such corporations are certainly to be taken as income for the purpose of measuring the amount of the tax."

In view of the conclusion reached by us on the merits of the case, it is not necessary to discuss the questions raised by the government as to whether the pleadings show a sufficient compliance with the statute governing the filing of a claim for refund.

The court below properly sustained the demurrer, and the judgment is accordingly affirmed.