844

## BROOKS v. UNITED STATES.
### No. 42594.

Court of Claims,
May 7, 1934.

Jacob Mertens, Jr., of Washington, D. C., for plaintiff.

Brien McMahon, of Washington, D. C., for defendant.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The material facts admitted by the demurrer are:

The plaintiff duly filed income tax returns for the years 1927, 1928, and 1929, and paid the taxes shown due thereon. Included in gross income on the returns for these years were the respective amounts of $33,254.58, $37,100, and $37,310.41, which were received by plaintiff from a trust created by the will of his grandmother, Emma Louisa Higgins. The trust provision is as follows:

"Sixth: I give and bequeath to my executors the sum of two hundred thousand dollars in money, or in securities, to be selected and taken from my estate, at their market price, in trust, nevertheless, to invest and keep the same invested and to collect and receive the interest, income, dividends, and profits thereof and apply the same to the use of my grandson Reginald Brooks during his natural life, and upon his death to assign, transfer, and set over said principal sum to his children him surviving. * * * "

The trust thus created is still in effect, its fair market value as of March 1, 1913, being not less than $482,599.37. On March 1, 1913, plaintiff was 41 years of age, and had a life expectancy of 23.511 years. The value on that date of his right to receive income from the trust was not less than $286,876.68.

The total income payments received by plaintiff from the trust, from March 1, 1913, to December 31, 1929, amount to $498,091.20.

The plaintiff duly filed claims for refund of taxes paid for the years 1927, 1928, and 1929, upon the grounds that $12,201.81 of the amount received from the trust fund for each of those years represented a return of capital and was therefore not taxable income. The refund claim for the year 1927 sought a refund of $2,128.05, the claim for the year 1928 sought a refund of $1,067.05, and the claim for the year 1929 sought a refund of $2,133.67. These claims were rejected by the Commissioner of Internal Revenue.

The question raised by the demurrer is: Were the payments received by plaintiff from the trust funds income in their entirety or did a portion of such payments represent a return of capital?

The challenged taxes were collected under the Revenue Acts of 1926 and 1928. Section 213 (b) (3) of the Revenue Act of 1926, 26 USCA § 954 (b) (3), and section 22 (b) (3) of the Revenue Act of 1928, 26 USCA § 2022 (b) (3) in identical language provide that the value of property acquired by gift, bequest, devise, or inheritance shall not be included in gross income and shall be exempt from taxation but that the income from such property shall be included in gross income. This provision in substance has been carried in every Revenue Act since the adoption of the Sixteenth Amendment. The courts have uniformly held that the entire income received by a beneficiary of a trust for a term of years or for life with remainder over, as in this case, constitutes taxable income, without any deductions by way of return of capital, exhaustion, or depreciation, and this is true without regard to whether the trust was created prior or subsequent to March 1, 1913. Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 475, 476, 69 L. Ed. 897; Drexel v. United States, 61 Ct. Cl. 216; W. R. Verner, Ex'r, v. United States, 62 Ct. Cl. 574; Codman v. Miles (C. C. A.) 28 F.(2d) 823, 824; Heiner, Collector, v. Beatty (C. C. A.) 17 F.(2d) 743, affirmed by Supreme Court in a per curiam decision, March 5, 1928, 278 U. S. 598, 48 S. Ct. 319, 72 L. Ed. 723; Helvering v. Butterworth, 290 U. S. 365, 54 S. Ct. 221, 222, 78 L. Ed. ——. The Board of Tax Appeals has likewise held such income taxable in its en-

tirety. Appeal of Sophia G. Coxe, 5 B. T. A. 260; George D. Widener v. Com'r, 8 B. T. A. 651.

In all these cases the direct subject-matter in suit was the taxability of income received by beneficiaries from testamentary trusts. In Irwin v. Gavit, supra, where the trust was created subsequent to March 1, 1913, the court said:

"The language quoted leaves no doubt in our minds that if a fund were given to trustees for A for life with remainder over, the income received by the trustees and paid over to A would be income of A under the statute. * * * Apart from technicalities we can perceive no distinction relevant to the question before us between a gift of the fund for life and a gift of the income from it."

In Codman v. Miles, supra, where the trust was created prior to March 1, 1913, the court said:

"It is true that in a sense the income conveyed to the plaintiff for life is properly designated as property, but it clearly retains its character as taxable income, and there is no provision in the law, nor any terms employed in the statute, to indicate an intention upon the part of Congress to relieve such income from the normal tax levied upon incomes merely because its payment ceased after a term of years. * * * What the plaintiff received and was entitled to receive was not the corpus of the property but the increment annually accruing therefrom. It is nowhere suggested that the corpus of the property, from which the income was derived, was in any way depleted."

In Irwin v. Gavit recovery was sought on the ground that the income from the trust was a legacy or bequest and as such was not subject to the tax. In Codman v. Miles recovery was sought on the ground that because the income ceased on the death of the beneficiary she was entitled to have a deduction of the tax because of exhaustion. While the contention made here that part of the payments received represented a return of capital was not made in these cases, the broad question as to whether the payments were taxable as income was carefully considered in each case, and the reasoning in the opinions and the logical inferences to be drawn therefrom justify the conclusion that the decisions would not have been different had that contention been made.

In George D. Widener v. Com'r, supra, the Board of Tax Appeals held that no part of the payments received from a trust, simi-lar in every respect to that of the instant case, represented a return of capital. The trust was created subsequent to March 1, 1913. The Board said:

"The petitioners argue that, irrespective of the statutory exemption of bequests, the full amount of distributions is not income because out of such distributions they are entitled to recover, as capital, the value of the right to receive them. This is the theory— that because the right had a value which would serve to measure a legacy tax it was capital of petitioners thenceforth, that it is thereafter being diminished, that the diminution is in some way brought about by the distributions of income, that such distributions are the only means to offset the diminution, and hence to the extent of such offset the distributions are a 'return of capital.' We may pass the question whether in the true sense this 'right to receive income' is capital— whether the capital, if any, is not represented only by the interest in the fund which produces the income—whether it is not subversive of the entire concept of income to say in turn that a gratuitous right to receive it is capital and hence the realization upon that right is recovery of capital. * * * But suppose it is capital, wherein is it impaired or diminished? It persists in full force. It begins at death as a right to receive income from, and thus an interest in, the fund, and continues throughout in as great a measure as it began. To be sure, the lapse of time affects the probable number of future payments, but how can this change the nature of the payments as income when received? Suppose they were to go on forever, would they be more capital because of longer expectancy, or less capital because beyond the formula of valuation? Nothing invades the interest in the fund and no receipt of the distributable income reduces it—a complete distinction from the situation in Doyle v. Mitchell Bros. Co., 247 U. S. 179 [38 S. Ct. 467, 62 L. Ed. 1054], 3 Am. Fed. Tax Rep. 2979, cited by petitioners. Why then should any part of the distributable income be left untaxed, since it takes nothing from the right to receive it? Income it is called in the trust instrument and income it is, and hence within the language and intendment of section 213 (a) [Revenue Acts 1918, 1921, 40 Stat. 1065, 42 Stat. 237]. This is substantially in accordance with Appeal of Ernest P. Waud et al., Executors, 6 B.T.A. 871, and with the obiter of Ernest M. Bull, Executor, v. Com'r, 7 B.T.A. 993, which in effect say that income

is no less income because it is received pursuant to a preexisting valuable right."

In Verner, Executor, v. United States, supra, a testator who died in 1912 left the residue of his estate in trust, by the terms of which the net income was to be paid to his widow during her natural life. It was stipulated that the value of the widow's right to receive the income under the trust was $653,-935.02 on March 1, 1913. The widow for the years involved returned as income and paid taxes on the entire amounts received by her from the trust. The suit was for the refund of taxes paid for the years 1916 and 1917. The contention was made that the payments received by the widow were payments of bequests and as such were exempt from income tax until she had received or withdrawn amounts equal to the March 1, 1913, value of her right to receive the income. The court in deciding against the claimant said:

"It is not questioned that the statute does not exempt the income from property received by devise or bequest. If the bequest had been to her of the residuary estate for life it could not be contended that the income arising from it would not be subject to income tax. Does the circumstance of the intervention of executors or trustees to hold and administer the trust so change the situation that the same 'income' is not taxable? We do not think Congress so intended. The questions raised are settled by the case of Irwin v. Gavit, 268 U. S. 161 [45 S. Ct. 475, 69 L. Ed. 897], which is not distinguishable from the present case."

In the recent case of Helvering v. Butterworth, supra, the Supreme Court said:

"Prior to Warner v. Walsh (C. C. A.) 15 F.(2d) 367, United States v. Bolster (C. C. A.) 26 F.(2d) 760, 59 A. L. R. 491, and Allen v. Brandeis (C. C. A.) 29 F.(2d) 363, the Commissioner ruled that distributions from the income of a trust estate to the widow who elected to take under her husband's will in lieu of her statutory interest were taxable to her. These cases held that by relinquishment of her rights, she came to occupy the position of the purchaser of an annuity. They decided that payments to her were not subject to taxation until her total receipts from the trust estate amounted to the value of what she relinquished—her alleged capital. Thereafter, in similar cases, the Commissioner refused to give credit to the trustee for such payments and thus the present causes arose.

"We cannot accept the reasoning advanced to support the three cases just cited. The evident general purpose of the statute was to tax in some way the whole income of all trust estates. If nothing was payable to beneficiaries, the income without deduction was assessable to the fiduciary. But he was entitled to credit for any sum paid to a beneficiary within the intendment of that word, and this amount then became taxable to the beneficiary. Certainly, Congress did not intend any income from a trust should escape taxation unless definitely exempted."

We have carefully considered the authorities cited by plaintiff. In none of them is the subject-matter in suit the taxability of income received by beneficiaries from testamentary trusts. In the main they deal either with contracts which fixed in the claimants a clear and definite property right prior to March 1, 1913, representing an investment, such as a right to receive income for services, royalty rights in mines, patents, etc., accruing prior to March 1, 1913, but received during subsequent years, or to dividends declared prior to March 1, 1913, and received by shareholders in years subsequent to that date. The essence of the holding in all the cases cited is that a capital interest existing prior to March 1, 1913, when received subsequent to that date is not income, but a return of capital, and that only the increase in value of such capital interest constitutes taxable income. The rule announced is not applicable to the facts in the instant case as stated in the petition. The taxes in question were imposed on the income arising from the corpus of a trust fund, which remained intact throughout the entire period of the trust, with remainder over. The payments received by plaintiff in no way impaired or diminished the fund, which upon his death passed in its entirety to the remainderman. Conceding that plaintiff's right to receive the income from the trust had the March 1, 1913, value alleged in the petition, that value, in our opinion, was not such a capital interest as would entitle him to its return free from tax. As was held in Verner, Executor, v. United States, supra, the situation as to the taxability of the income received by plaintiff from the trust is no different than if he had been willed a life interest in the fund, in which case the income from the life estate would have been subject to the tax.

The petition does not state a cause of action against the United States. The demurrer is therefore sustained, and the petition is dismissed. It is so ordered.

BOOTH, Chief Justice, and WHALEY, LITTLETON, and GREEN, Judges, concur.