**REGENOLD v. UNITED STATES.**

No. 45762.

Court of Claims.

June 4, 1945.

Scott P. Crampton, of Washington, D. C. (George E. H. Goodner, of Washington, D. C., on the brief), for plaintiff.

Elizabeth B. Davis, of Washington, D. C., Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and WHITAKER, MADDEN, LITTLETON, and JONES, Judges.

WHITAKER, Judge.

The question presented in this case is whether or not the income received by

Elizabeth A. Wilson from her dower interest in the estate of her husband R. E. Lee Wilson is taxable to her as income.

R. E. Lee Wilson died on September 27, 1933, seized and possessed of five parcels of real estate. From four of these parcels his widow received rent in the year 1934 in the amount of $1,398.04, in the year 1935, $7,-456.32, and in the year 1936, $7,572.69. These sums were included within her gross income. This is alleged to have been erroneous.

When R. E. Lee Wilson died the value of his widow's dower interest in the real estate of which he died seized and possessed was fixed at $14,873.70. Plaintiff contends that the widow's estate is entitled to recover this value before the income from the property is taxable to it. This we think is erroneous.

What the widow got on the death of her husband was a life estate in one-third of the real estate of which he died seized and possessed. Under section 22 (b) (3) of the Revenue Act of 1934, 48 Stat. 680, 687, and a similar section of the Revenue Act of 1936, 49 Stat. 1648, 1657, 26 U.S.C.A. Int. Rev.Code, § 22 (b) (3), the value of this interest is not income to the recipient in the year in which it was received, but under these sections "the income from such property shall be included in gross income." The value of Mrs. Wilson's dower interest was not included in her income in the year in which it was received; it is the income from this interest which has been included in her income. This seems to be clearly in accordance with the provisions of the Acts.

In Tree et al. v. United States, 102 Ct.Cl. 128, 55 F.Supp. 438, it was conceded that if the income included in plaintiff's gross income had been income from her dower interest in her deceased husband's estate it would have been taxable to her. This concession was made necessary not only by the provisions of the Act, but also by our decision in Brooks v. United States, 6 F. Supp. 844, 79 Ct.Cl. 470, and by the decision of the Supreme Court in Irwin v. Gavit, 268 U.S. 161, 45 S.Ct. 475, 476, 69 L.Ed. 897.

In Brooks v. United States, supra, the plaintiff insisted that he had the right to recover the value of his life estate in a trust fund created by the will of his grandmother before he was taxable on the income therefrom. This contention was rejected by us on the authority of Irwin v. Gavit, supra, and other cases.

In Irwin v. Gavit, supra, the plaintiff insisted that he was not taxable on the income which he was entitled to receive from a trust estate created by his mother-in-law, a portion of the income from which he was entitled to receive over a period not to exceed 15 years. The court rejected that contention, saying: "* * * The language quoted leaves no doubt in our minds that if a fund were given to trustees for A for life with remainder over, the income received by the trustees and paid over to A would be income of A under the statute. It seems to us hardly less clear that even if there were a specific provision that A should have no interest in the corpus, the payments would be income none the less, within the meaning of the statute and the Constitution, and by popular speech. In the first case it is true that the bequest might be said to be of the corpus for life, in the second it might be said to be of the income. But we think that the provision of the act that exempts bequests assumes the gift of a corpus and contrasts it with the income arising from it, but was not intended to exempt income properly so-called simply because of a severance between it and the principal fund. No such conclusion can be drawn from Eisner v. Macomber, 252 U.S. 189, 206, 207, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570. The money was income in the hands of the trustees and we know of nothing in the law that prevented its being paid and received as income by the donee."

Under the authority of the cases cited, we must hold that plaintiff's part of the income from the property in which Elizabeth A. Wilson had a dower interest was properly included in her gross income.

Plaintiff's petition is dismissed. It is so ordered.

WHALEY, Chief Justice, and MADDEN and LITTLETON, Judges, concur.

JONES, Judge, took no part in the decision of this case.