## HOPKINS v. UNITED STATES.
### No. 47360.

United States Court of Claims.
March 7, 1949.

Benjamin Mahler, of New York City, for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Theron Lamar Caudle, Asst. Atty. Gen. (Robert N. Anderson and Andrew

D. Sharpe, both of Washington, D. C., on the brief), for defendant.

Before JONES, Chief Judge, and LITTLETON, HOWELL, MADDEN, and WHITAKER, Judges.

LITTLETON, Judge.

During the year 1932 plaintiff received a total of $131,839.77 from the Lambert Pharmacal Company pursuant to an agreement made with plaintiff's great-grandfather, Dr. J. J. Lawrence, in 1881 (finding 2), as modified by an agreement in January 1885 (finding 5). Under the terms of these written documents, Lawrence furnished, or licensed the right to manufacture and sell, a certain medicinal formula known as Listerine, in consideration of the payment to him, of a "royalty," first, of $20 "for each and every gross of said Listerine hereafter sold" under the first agreement of 1881 executed by the Partnership of Lambert & Company, by Jordan W. Lambert, and $6 a gross under the 1885 agreement executed by the corporation of Lambert Pharmacal Company to which the partnership transferred, with the consent of Lawrence, the Listerine formula and the right to use the trade-mark "Listerine" thereon. Lambert & Co had duly registered in its name the trade-mark "Listerine" on August 2, 1881.

In 1909, Lawrence executed a trust to which he transferred, among other things, all his right, title and interest in, to, and concerning "the royalties and moneys due and to become due to me by the Lambert Pharmacal Company on sales of Listerine," for the purpose, among others, of collecting the income and paying the same to the grantor during his lifetime (finding 6). The trust provided that upon the death of Lawrence the income was to be paid to the grantor's wife and granddaughter (plaintiff's mother). It was further provided that upon the death of the survivor of the beneficiaries the trust would terminate and direction was given that the corpus or principal of the trust be distributed to the children of the granddaughter in equal parts. Lawrence died shortly thereafter. The granddaughter, who survived her mother, died February 16, 1928, leaving four children, including plaintiff, surviving her. They were under twenty-one years of age and a guardian for the children was appointed and the trustee transferred the corpus of the trust to him (findings 8–10).

Plaintiff attained the age of twenty-one on April 10, 1932, whereupon the guardian distributed and delivered to him certain securities, cash and an undivided one-fourth interest in the agreements, hereinbefore referred to, comprising a part of the corpus of the trust created in 1909.

Plaintiff returned as income for 1932 only $72,998.98 of the sum of $131,839.77, received by him from the Lambert Pharmacal Company. Upon audit of the return the Government held, among other things, that the entire amount received was taxable income, and in a statutory deficiency notice issued March 7, 1935, the net income and tax liability was recomputed and a deficiency in tax, interest and penalty, was determined in the amount of $33,330.08. This deficiency was duly assessed. Plaintiff paid $25,956.25 of the deficiency in March and July 1936, and filed a protest as to the balance, and also filed a claim on May 19, 1937, for the refund of $26,537.40. The ground set forth in this claim was that "the so-called 'Royalty' Income is not taxable income but represents a return to the taxpayer of a capital sum receivable as of March 1, 1913, resulting from the sale before March 1, 1913, by the taxpayer's great-grandfather of certain valuable formulae; the payments received are part consideration of the selling price and not taxable income."

As shown in finding 17, the Treasury Department, upon consideration of plaintiff's protest and claim for refund, redetermined the net income and the deficiency to be $110,949.32 and $23,397.79, respectively, which showed a total overassessment, on the basis of the total amount assessed and the correct tax liability, of $9,922.29, of which $2,548.46 was an overpayment and was withheld and applied on a 1935 deficiency, resulting in a net overassessment of $7,373.83, which was abated. A certificate of overassessment was issued.

In arriving at this final determination, the Commissioner of Internal Revenue made no change in the income from royalties, including the item here in question, set forth in the deficiency notice of March 7, 1935.

Thereafter, on April 15, 1939, and before the first refund claim of May 1937 had been formally rejected, plaintiff filed another refund claim for $36,291.95 on the same ground stated in the first claim, with the additional statement that "The taxpayer acquired the contracts [agreement to pay $6 a gross for Listerine sold] under which the payments are being made, in 1928, upon distribution of a trust estate, and is entitled to recover the value of said contracts as of that date or as of March 1, 1913, before any receipts are taxable."

Plaintiff was granted a hearing April 24, 1945, upon his refund claims and on May 12, he was advised by letter that they were disallowed. Formal notice of rejection was mailed by the Commissioner on December 18, 1945.

The grounds upon which plaintiff bases his right to recover in this case are (1) that he is entitled to treat the sum of $131,839.77 received in 1932 from the Lambert Pharmacal Company as proceeds from a sale subject to tax at capital gain rates; (2) in the alternative, that he is entitled to treat these receipts as a return of capital; and (3), also in the alternative, that he is entitled to reduce the sum of $131,839.77 by a sum representing annual depreciation computed at 2% on the February 16, 1928, value of the property right to receive the payments from the Lambert Pharmacal Company.

■ The first ground for recovery, asserted herein, was not made the basis of either the refund claim filed in May 1937, or the one filed in April 1939, and cannot, therefore, be allowed even if there had been such a transaction as would come within the capital gains provision. Real Estate Land Title & Trust Co. v. United States, 309 U.S. 13, 60 S.Ct. 371, 84 L.Ed. 542. Moreover, the capital gains provisions contained in Sec. 101, Revenue Act of 1932, 26 U.S.C.A.Int.Rev.Acts, page 504, requires that the sale or exchange must have been consummated after December 31, 1921. In the case of Josephine Hopkins Tucker [plaintiff's sister] v. Commissioner (memorandum opinion), decided September 18, 1942, 47 B.T.A. 1045, the Board of Tax Appeals (now the Tax Court) held, on identical facts, that there had been no sale at any time by the taxpayer's great-grandfather or by the taxpayer. The Board decided that the transaction in which J. J. Lawrence "furnished" the Listerine formula to be manufactured was a licensing arrangement and the payments agreed to be made to him as compensation for such right to manufacture and use, were royalties, and, therefore, taxable as ordinary income. The Board also considered the agreement of 1885, and held that it did not change the nature of the original transaction between Lawrence and J. W. Lambert in April 1881. We think this decision was clearly correct. Compare, Burnet v. Harmel, 287 U.S. 103, 53 S. Ct. 74, 77 L.Ed. 199; Hirschi v. United States, 67 Ct.Cl. 637.

■ With reference to plaintiff's second claim herein, it appears that after plaintiff acquired the rights under the royalty agreements of the manufacturers, upon the termination of the trust, he made no sale of the formula or the name "Listerine," but simply continued to receive such payments per gross of Listerine manufactured and sold. Therefore, plaintiff's second contention, which is based upon Sec. 113(a) (5), Revenue Act of 1932, 26 U.S.C.A.Int.Rev.Acts, page 515, cannot be sustained. This claim appears to have been first included as a new ground in the second refund claim filed April 15, 1939, and can cover only the sum of $2,548.46 withheld during that year, as shown by the certificate of overassessment, from the 1932 overpayment to be applied on a 1935 deficiency.

Plaintiff's contention in support of this ground overlooks the fact that the statement in Section 113(a) (5), supra, upon which he relies, that "the basis shall be the fair market value of the property at the time of the distribution to the taxpayer," relates back to Section 111 of the

Act, 26 U.S.C.A.Int.Rev.Acts, page 510, which has to do with the determination of gain or loss upon the sale or other disposition by the taxpayer of the property. As we have said, plaintiff made no sale or disposition. Whatever rights plaintiff had were acquired by a specific bequest of property under Section 113(a), supra, and Section 22(b) of the 1932 Act, 26 U.S.C.A.Int.Rev.Acts, page 487, provides that property received by inheritance is not taxable but that the income therefrom shall be taxable. Irwin v. Gavit, 268 U.S. 161, 44 S.Ct. 475, 69 L.Ed. 897; Brooks v. United States, 6 F.Supp. 844, 79 Ct.Cl. 470; Regenold v. United States, 60 F.Supp. 765, 104 Ct.Cl. 238. The case of Burnet v. Logan, 283 U.S. 404, 51 S.Ct. 550, 75 L.Ed. 1143, relied upon by plaintiff is not in point. The question in that case related to the proper method of taxing amounts received from the sale of stock.

The last ground on which plaintiff seeks to recover, that is, depreciation, cannot be sustained for several reasons;

(1) this claim was not asserted in either of the two refund claims; (2) the evidence is not sufficient to show the fair market value of the property on the proper date under Section 114, 26 U.S.C.A. Int.Rev.Acts, page 519, that is, March 1, 1913; (3) under Section 23(k), Revenue Act of 1932, 26 U.S.C.A.Int.Rev.Acts, page 491, depreciation is allowable only on property used in trade or business, and plaintiff was not engaged in either; (4) the right to receive the income under the privilege or license agreements in question, which were not limited as to time, is not a depreciable asset in plaintiff's hands. Brooks v. United States, supra; Codman v. Miles, 4 Cir., 28 F.2d 823; Peters v. Commissioner, 4 T.C. 1236.

Since plaintiff may not recover on any of the claims advanced, the petition must be dismissed. It is so ordered.

HOWELL, MADDEN, and WHITAKER, Judges, and JONES, Chief Judge, concur.