**DART TRUCK COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 10393.

United States District Court
W. D. Missouri, W. D.

Feb. 3, 1958.

As Amended April 3, 1958.

Terrell, Hess, Van Osdol & Magruder, Kansas City, Mo., for plaintiff.

Edward L. Scheufler, U. S. Atty., by Horace W. Kimbrell, Kansas City, Mo., for defendant.

DUNCAN, Chief Judge.

This is an action to recover the sum of $79,915.41 together with interest, which the plaintiff alleges it was required to pay [under protest], as an excise tax on certain automotive accessories and parts, under § 3403(c) Revenue Act of 1939, 26 U.S.C. § 3403(c). The facts are not in dispute, and are before the court on stipulation.[1]

**I.** "Stipulation of Fact

"Comes now the above named parties and for the purpose of facilitating the trial of the issues in this cause hereby stipulate and agree to the following facts:

"1. Plaintiff, the taxpayer here involved, is a corporation organized and existing under the laws of the State of Missouri with its principal place of business in Kansas City, Missouri, in the Western Division of the Western District of Missouri.

"2. This action is brought against the United States of America under Title 28, United States Code, Section 1346 (a) (1) as amended, for the recovery of manufacturer's excise taxes and interest thereon alleged to have been erroneously and illegally assessed and collected.

"3. During a period from December 1, 1947 to February 29, 1952, inclusive, plaintiff filed in the office of the Collector of Internal Revenue for the Sixth District of Missouri at Kansas City, Missouri, its monthly manufacturer's excise tax returns, Form 728, and paid to Collector of Internal Revenue, Manufacturer's excise tax in the sum of $77,296.12. The Commissioner of Internal Revenue upon auditing said monthly returns made certain adjustments in the computation of manufacturer's excise tax on the sale by plaintiff of parts and accessories for use upon non-taxable vehicles, and by giving effect to these adjustments determined a deficiency of $73,384.35 in the amount of manufacturer's excise taxes due from plaintiff for the period from December 1, 1947 to February 29, 1952, inclusive, all as shown by the internal revenue examining agent's report dated December 30, 1950, marked Plaintiff's Exhibit 'A', pages 1 to 19, inclusive, and attached to the complaint in this cause. Of this sum, $3,014.90 was assessed by virtue of the manufacturer's excise tax on spark plugs, storage batteries, leaf springs, coils, timers and tire chains, and this amount is not questioned by plaintiff herein. Pursuant to such determination, said additional manufacturer's excise taxes were assessed to plaintiff, and upon notice and demand for payment, said additional manufacturer's excise taxes in the sum of $73,384.35,

plus interest to and including December 31, 1952, in the sum of $9,545.96, were paid by plaintiff, under protest, on December 31, 1952 to the District Director of Internal Revenue for the Sixth District of Missouri at Kansas City, Missouri, on December 31, 1952, plaintiff filed with the District Director of Internal Revenue for the Sixth District of Missouri at Kansas City, Missouri, its written protest against the assessment of said additional manufacturer's excise tax, all as shown by Plaintiff's Exhibit 'B' Pages 1 to 6, inclusive, attached to the complaint in this cause. A claim for abatement and for refund of the manufacturer's excise tax in the sum of $70,369.45 and interest thereon so paid under protest was filed by plaintiff in the office of the District Director of Internal Revenue at Kansas City, Missouri, on May 14, 1953. A copy of said claim for refund and for abatement is attached to the complaint herein and marked Exhibit 'C', Pages 1 to 5, inclusive, and made a part of the complaint. On May 19, 1955, the Commissioner of Internal Revenue by E. O. Bookwalter, District Director of Internal Revenue, denied and disallowed said claim for refund and notified plaintiff accordingly. A copy of the letter denying and disallowing said claim for refund is attached to the complaint herein and marked Exhibit 'D'.

"4. The sections of the Internal Revenue Code involved in this proceeding are Title 26, United States Code Sections 3403(a), 3403(b) and 3403(c) of the Revenue Code of 1939. During the period from December 1, 1947 to February 29, 1952, inclusive, plaintiff was engaged as an assembler of automotive equipment, some of which was taxable under Title 26, United States Code, Section 3403(a) as amended, by virtue of its being chiefly used for highway transportation. Plaintiff, during said period of time, also assembled automotive equipment which was not taxable under Title 26, United States Code, Section 3403(a), because it was used solely in non-highway operations by reason of its excessive weight, length or width. Plaintiff reported and paid manufacturer's excise tax under Title 26, United States Code, Section 3403(a) on automotive equipment used chiefly in highway trans-

Briefly stated, the facts are: that the plaintiff is engaged in the assembling of two types of automotive equipment at a plant in Kansas City, Missouri, which may be described as "highway" and "off-the-highway" automotive equipment.

portation. Plaintiff also reported and paid manufacturer's tax on parts and accessories under Title 26, United States Code, Section 3403(c), sold for use as repairs or replacements on the aforesaid taxable automotive equipment. Plaintiff did not report or pay any manufacturer's excise tax on parts and accessories sold for use as repairs or replacements on parts and accessories sold for use as repairs or replacements on non-taxable automotive equipment used solely for off-highway operations, nor did it pass said tax on to its customers.

"5. The Deputy Commissioner of Internal Revenue determined and assessed additional manufacturer's excise tax in the sum of $70,369.45 on the sale by plaintiff of parts and accessories sold for use as repairs or replacements on non-taxable automotive equipment used solely for off-highway operations. This sum was alleged by the Deputy Commissioner of Internal Revenue to be due by virtue of the Treasury Department's claim that plaintiff's method of determining whether a part or accessory was sold for use as repairs or replacements on a non-taxable industrial unit was erroneous, and that plaintiff should have determined only if said parts or accessories were primarily adapted for or suitable for use on a taxable vehicle, and, if so, pay the manufacturer's excise tax irrespective of the actual known use of said part or accessory. It is agreed that in the event of certain legal conclusions by this court the following amounts of tax would be due:

"(A) If the court determines that a tax was payable on the parts in question, but that the tax should be determined upon taxpayer's purchase price, the resulting tax would amount to $49,-727.02, and taxpayer would be entitled to a refund of $20,642.42 plus interest according to law.

"(B) If the court determines that the tax on the parts in question was payable and that the tax should be figured upon the taxpayer's sale price to its customers, the resulting tax would be $70,-369.44 and there would be no refund due.

"(C) If the court determines that the tax was not payable on the parts in question in this case, the taxpayer should receive a refund of $70,369.44 with interest according to law.

"Nothing in this paragraph should be deemed an admission by either party that any amount of tax is due or that any refund is due.

"6. In 1936 plaintiff made application for an exemption certificate, a copy of which said application is hereto attached and marked Exhibit E and made a part hereof. Shortly after said application, a certificate of exemption was granted and a copy of said certificate is hereto attached and marked Exhibit F and made a part of this stipulation. Said certificate of exemption was the only certificate issued to plaintiff and all parts purchased by plaintiff and in question in this case which were purchased under an exemption certificate were purchased under the above registration certificate.

"7. By Treasury Department rulings to plaintiff, dated December 6, 1940, July 17, 1941, and Manufacturer's excise tax refund allowed September 13, 1941, most, if not all, of plaintiff's Off-Highway Industrial Units were ruled to be non-taxable under Title 26, United States Code, Section 3403(a) and (b), as amended. By rulings of the Collector for the Sixth Collection District of Missouri, dated October 12, 1943, plaintiff's Off-Highway trailers were likewise ruled to be non-taxable under said Section 3403(b). None of the above rulings made any reference to replacement parts.

"8. The parties agree that taxpayer is not in the strict sense an actual manufacturer or producer of any part or accessory that it sells in that it does not actually process, work, remodel or reform any of such parts or accessories in any way in the normal course of taxpayer's business. The parts are purchased from the actual manufacturer of those parts which are shipped to taxpayer's plant where they are assembled and combined into a truck or Off-Highway Unit. The parts which are involved in this proceeding are actually additional or spare parts purchased from the initial manufacturer and held for sale by the taxpayer for replacements on units assembled by it.

"It is agreed by the parties that there are two and only two issues involved in this action as follows:

"(a) Whether or not there was a tax due by plaintiff herein on parts sold as replacement parts for use on Off-Highway Units previously assembled and sold by taxpayer.

"(b) If a tax was due under issue (a) above, then the second issue is as to

The "highway" equipment consists of tractors and trailers designed and used for the transportation of over-the-highway freight. The "off-the-highway" equipment is mostly equipment that is too heavy and large to ordinarily move over-the-highway, and is used extensively in mining operations for the moving of ore, or in the moving of dirt in large quantities. The "highway" equipment is subject to the tax under § 3403, and the "off-the-highway" equipment is not subject to the manufacturers' excise tax.

Beginning with 1947, the plaintiff purchased the various parts and elements from which it assembled its various types automotive equipment under a tax exempt certificate [2] issued by the Treasury Department. It is stipulated that the parts used in assembling the "highway" and "off-the-highway" equipment are, in most instances, interchangeable.

Plaintiff purchased large quantities of parts, interchangeable, as aforesaid, under its certificate of exemption, for the purpose of replacement in both its "highway" and "off-the-highway" equipment. It paid an excise tax on that portion of the replacement parts and accessories that went into the repair of the "highway" equipment, but did not pay an excise tax on the parts and accessories that went into the repair, or as replacements, of the "off-the-highway" equipment.

A representative of the Bureau checked the books and records of the plaintiff from December 1, 1947 to February 29, 1952, and assessed the plaintiff with the amount of $70,369.45 as tax on the parts and accessories sold by plaintiff as repairs and replacements in the "off-the-highway" equipment, which, with interest, amounted to $79,915.41. This amount was paid, under protest, on December 31, 1952. The agent determined that during this period [December 1, 1947 to February 29, 1952] the plaintiff had purchased parts or accessories for repairs and replacements on which the tax amounted to $131,632.08, of which $70,369.45 was tax for parts or accessories for replacements on the "off-highway" or non-taxable automotive equipment. Thus, it is revealed by these figures, that the greater value or amount of the parts and accessories were used for replacements and repairs of the "off-highway" automotive equipment.

Plaintiff sought to introduce evidence at a hearing requested for that purpose, to show that a considerable quantity of the parts and accessories involved in the controversy were specially designed and made for the "off-highway" equipment, and were not suitable for other types of automotive equipment assembled by the plaintiff. The court declined to admit this testimony because it was in contradiction of the stipulation, and would have required an extension of time for the Internal Revenue agent to recheck the books and records of the plaintiff.

whether the tax should be computed on plaintiff's purchase price of replacement parts or on plaintiff's sale price of replacement parts."

2.        "Exemption Certificate
"(Purchases for further manufacture under section 3442(1) of the Internal Revenue Code.)
"The undersigned hereby certifies that he is a manufacturer or producer of articles taxable under Chapter 29, Subchapter A, of the Internal Revenue Code, and holds certificate of registry No. 17, issued by the Collector of Internal Revenue at Kansas City, Mo., and that the article or articles specified in the accompanying order will be used by him as material in the manufacture or production of, or as a component part of, an

article or articles enumerated in such Subchapter A, to be manufactured or produced by him.
"It is understood that for all the purposes of Subchapter A, the undersigned will be considered the manufacturer or producer of the articles purchased hereunder, and (except as specifically provided by law) must pay tax on resale or use, otherwise than as specified above, of the articles purchased hereunder. It is further understood that the fraudulent use of this certificate to secure exemption will subject the undersigned and all guilty parties to revocation of the privilege of purchasing tax free and to a fine of not more than $10,000. or to imprisonment for not more than five years, or both, together with costs of prosecution."

I think there is no serious contention but that at least most of the parts involved here were interchangeable. Defendant insists that because the plaintiff bought the parts and accessories under a tax exempt certificate, it became bound to pay the excise tax upon the resale of such parts regardless of the purpose to which they were put, i.e., whether they were used as replacements in the "on-highway" or the "off-highway" equipment.

On the contrary, plaintiff contends that at the time it purchased the parts it did not, and could not, know whether they were to be used as replacements in the "on-highway" or "off-highway" equipment, and that that question could not be determined until the demand arose.

It is plaintiff's contention that the parts and accessories which were used as replacements and repairs on the "Off-Highway" equipment, were and are not subject to tax, and that it had the legal right to purchase such parts and accessories tax exempt for replacements in the "Off-Highway" equipment without any tax exempt certificate.

Plaintiff also contends that should it be determined that such parts and accessories were subject to tax, that the tax should be levied upon the price paid by plaintiff for such accessories, and not the price for which they were sold as replacements or repairs, as computed by the agent.

These are the two issues for determination. § 3403(a) (b) (c) provides:

"§ 3403. *Tax on automobiles, etc.*

"There shall be imposed upon the following articles sold by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold:

"(a) Automobile truck chassis, automobile truck bodies, tractors of the kind chiefly used for highway transportation in combination with a trailer or semitrailer (including in each of the above cases parts or accessories therefor sold on or in connection therewith or with the sale thereof), 2 per centum. A sale of an automobile truck shall, for the purposes of this subsection, be considered to be a sale of the chassis and of the body.

"(b) Other automobile chassis and bodies and motor cycles (including in each case parts or accessories therefor sold on or in connection therewith or with the sale thereof), except tractors, 3 per centum. A sale of an automobile shall, for the purposes of this subsection, be considered to be a sale of the chassis and of the body.

"(c) Parts or accessories (other than tires and inner tubes) for any of the articles enumerated in subsection (a) or (b), 2 per centum. For the purposes of this subsection and subsections (a) and (b), spark plugs, storage batteries, leaf springs, coils, timers, and tire chains, which are suitable for use on or in connection with, or as component parts of, any of the articles enumerated in subsection (a) or (b), shall be considered parts or accessories for such articles, whether or not primarily adapted for such use. This subsection shall not apply to chassis or bodies for automobile trucks or other automobiles. Under regulations prescribed by the Commissioner, with the approval of the Secretary, the tax under this subsection shall not apply in the case of sales of parts or accessories by the manufacturer, producer, or imported to a manufacturer or producer of any of the articles enumerated in subsection (a) or (b). If any such parts or accessories are resold by such vendee otherwise than on or in connection with, or with the sale of, an article enumerated in subsection (a) or (b) and manufactured or produced by such vendee, then for the purposes of this section the vendee shall be considered the manufacturer or producer of the parts or accessories so resold."

Subsection (c) imposes a tax on parts or accessories (with certain exceptions) for any of the articles enumerated in subsection (a) or (b). Under this subsection, certain accessories therein specifically named, are made subject to the tax, if "suitable for use on or in connection with, or as component parts of, any of the articles enumerated in subsection (a) or (b), * * * whether or not primarily adapted to such use."

Incidentally, all of the items specifically named as being suitable for use on the articles described in subsection (a) or (b) have been excluded from the parts and accessories which plaintiff claims to be exempt, i.e., the plaintiff paid the tax on all of such specifically named parts and accessories, although they were sold as parts or accessories for "Off-Highway" equipment.

Under rules and regulations of the Commissioner, approved by the Secretary, the tax imposed upon parts and accessories shall not apply to sales by a manufacturer, producer or importer to a manufacturer or producer of any of the articles enumerated in subsection (a) or (b). It is also provided that if any such parts which are resold by such vendee otherwise than on or in connection with the sale of the articles enumerated in subsection (a) or (b) which are manufactured or produced by such vendee than for the purposes of the section, the vendee shall be considered the manufacturer or producer of such parts or accessories so resold.

Pursuant to the authority granted by subsection (c), § 316.55 Treasury Regulation 46 [3] (1940) was issued.

Except as to the parts and accessories specifically named, subsection (c) imposes the tax upon parts and accessories "for any of the articles enumerated in subsection (a) or (b)." As I construe this provision, it means that the cost of any part or accessory, and any other component part, used in the manufacture or assembling of such articles, i.e. (a) and (b) must be considered in computing the excise tax when the article is sold, and in order that such things as "spark plugs, storage batteries, leaf springs, coils, timers, and tire chains, which are suitable for use on or in connection with, or as component parts of, any of the articles enumerated in subsection (a) or (b), shall be considered parts or accessories for such articles whether or not primarily adapted for such use."

Most of the specifically named articles above may have many uses other than as parts or accessories, or for the articles described in (a) or (b) (i.e., for motor vehicles described in said articles which are taxable), but certainly their most common use is in connection with automobiles and trucks, so Congress subjected them to the tax, notwithstanding they may or might be used for other purposes than as parts or accessories for such articles as are described in subsections (a) and (b).

■ In each instance where the Act imposes the tax, it refers specifically to the appliances described in subsections (a) and (b). At no place in the section is there any reference to parts or accessories which are used in, or become a part of the "off-highway" non-taxable equipment, although it is very clear in its descriptions of the specific items which shall be included as parts and accessories in reference to subsections (a) and (b). The examining agent in his report says that:

"There is no provision in the law or the regulations which permit the tax free sale of taxable parts or ac-

3. "Sec. 316.55 *Definition of parts or accessories.*—The term 'parts or accessories' for an automobile truck or other automobile chassis or body, taxable tractor, or motorcycle, includes (a) any article the primary use of which is to improve, repair, replace, or serve as a component part of such vehicle or arti- cle, (b) any article designed to be attached to or used in connection with such vehicle or article to add to its utility or ornamentation, and (c) any article the primary use of which is in connection with such vehicle or article whether or not essential to its operation or use."

cessories for use as repairs and/or replacements on either taxable or non-taxable equipment."

Statutes imposing taxes must be strictly construed. Hecht v. Malley, 265 U.S. 144, 44 S.Ct. 462, 68 L.Ed. 949; Heiner v. Beatty, 3 Cir., 17 F.2d 743. So, it would seem that the question is: is there any provision of law imposing the tax rather than is there any provision of law exempting such parts and accessories from the tax.

In view of the fact that a majority in value of the parts or accessories purchased by the plaintiff were used in replacements or repairs on the non-taxable articles, it cannot be said that they were primarily adapted to use in repairs and replacements of the articles described in subsections (a) and (b), any more than that they were primarily adaptable to use as repairs or replacements in the non-taxable articles.

The defendant cites Universal Battery Co. v. United States, 281 U.S. 580, 50 S.Ct. 422, 74 L.Ed. 1051, as determinative of the issue of the taxability of the parts and accessories involved here. That case was decided May 26, 1930, and the court had before it, § 900 of the Revenue Acts of 1918 and 1921 [c. 18, 40 Stat. 1122; c. 136, 42 Stat. 291] which imposed a manufacturer's excise tax upon automotive parts and accessories. This case involved the sale of batteries by a vendor who was neither a manufacturer, nor an assembler of automobiles. § 900 was substantially the same as § 3403, except that it did not include the named parts, i.e., "spark plugs, storage batteries, leaf springs, coils, timers, and tire chains, which are suitable for use on or in connection with, or as component parts of, any of the articles enumerated in subsection (a) or (b), shall be considered parts or accessories for such articles, whether or not primarily adapted for such use."

The inclusion of these parts and accessories became a part of the Revenue Act in 1932, § 606, 47 Stat. 261. Whether or not the decision in the Universal Battery case prompted the Congressional action, I do not know. At any rate, when the court decided that case, whether or not the specifically named accessories were taxable, was largely a question of construction and adaptability to use on automobiles. In discussing this particular question, the court (281 U.S. loc. cit. 584, 50 S.Ct. loc. cit. 423) stated:

"This was a material issue; but the court, although finding that the batteries were, and had been for several years, used for the purposes alleged, made no finding as to whether they were primarily adapted for use in motor vehicles or were equally adapted for the other uses named. There should have been a definite finding on the matter."

Of course, if the present provision of the statute had been in § 900, it would not have been necessary for the court to construe the word "accessory" with respect to batteries. Further discussing the question, Mr. Justice Van Devanter stated:

"The claimants do not manufacture or sell any of the vehicles enumerated in subdivisions 1 and 2, but each does manufacture and sell the article on sales of which the challenged tax was assessed and collected. These sales were all to persons other than a manufacturer or producer of any of the enumerated vehicles. In each case the question presented is whether the article sold is a 'part or accessory for' such a vehicle within the meaning of subdivision 3."

Further quoting:

"Subdivisions 1 and 2, with the introductory provision, contemplate that parts and accessories may be sold along with the vehicle by the manufacturer of the latter, and show that, where this is done, the tax is to be paid by the manufacturer of the vehicle. Subdivision 3, with the introductory provision, contemplates that parts and accessories may be sold separately from the vehicle by the manufacturer, of the former to others than a manufacturer of the

latter, as where the sale is for replacement purposes, and show that the tax on such a sale is to be paid by the manufacturer of the parts and accessories. And it is implicit in the three subdivisions, with the introductory provision, that, where parts and accessories are sold by their manufacturer to a vehicle manufacturer to be resold along with the vehicle by the latter, the sale by the former is to be tax free, while the resale by the latter, when incidental to the sale of the vehicle, is to be taxed against the latter as already indicated. "Thus the scheme of taxation embodied in these provisions centers around the motor vehicles enumerated therein. Their sale is the principal thing that is taxed, and the sale of parts and accessories 'for' such vehicles is taxed because the parts and accessories are within the same field with the vehicles and used to the same ends."

It seems to me that the expressions of the court in the Battery case are not determinative of the issue here. There, the court was dealing with the adaptability of an article as an accessory in a taxable article, and there was no question about its use in a non-taxable article. In fact, in discussing subsections 1 and 2, the court stated:

> "*Their sale is the principal thing that is taxed, and the sale of parts and accessories 'for' such vehicles is taxed because the parts and accessories are within the same field with the vehicles and used to the same ends.*" [Emphasis supplied.]

I do not infer from the language used by that court, that all accessories which are adaptable to use as replacements and repairs of the non-taxable article, with the exception of those specifically named in the statute, are to be taxed.

In assessing the tax, the agent based his computations upon the sale price of the parts or accessories by the plaintiff.

While plaintiff strenuously denies liability for any tax, it does contend that if it should be determined that the parts or accessories are taxable, the tax should be computed upon its purchase price, and not its sale price.

If the computation had been made in accordance with plaintiff's contention, the amount of the assessment would have been decreased by $26,638.47, and interest from December 31, 1952. Where such parts or accessories are purchased under a certificate or regulation provided for in subsection (c) and are resold by the vendee * * * then for the purpose of the section, the vendee becomes a manufacturer or producer, and is liable for the tax.

It is not covered in the stipulation but defendant says in its brief, and it is not denied by the plaintiff, that the tax paid by the plaintiff on the parts and accessories for the articles described in subsections (a) and (b), was computed upon plaintiff's sale price.

It seems clear to me that under the provisions of the Act, considering the nature of plaintiff's business, and the manner in which the parts and accessories were purchased by it, it becomes a manufacturer or producer of such parts and accessories when so sold, and that the tax should be computed upon its sale price, and if they are taxable, the tax should be computed upon its sale price.

But, it is my conclusion that, such parts being equally adaptable for use as replacements and repairs made to the non-taxable articles, as well as to the taxable articles defined in subsections (a) and (b), and having been actually used in non-taxable articles, that they were not taxable, and that plaintiff is entitled to recover the amount, with interest, paid by it under protest.

Form of judgment entry in accordance herewith may be submitted within ten days.